■ Salvatore DiMarco et al., Individually and as Guardians of Vince DiMarco, an Infant, Appellants, v Supermarkets General Corporation et al., Respondents, et al., Defendant.—In an action to recover damages for personal injuries, etc., the plaintiffs appeal from so much of an order of the Supreme Court, Queens County (Lonschein, J.), dated February 2, 1987, as granted that branch of the respondents' cross motion which was for partial summary judgment dismissing the plaintiffs' fourth cause of action for failure to state a cause of action.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the respondents' cross motion which was for partial summary judgment dismissing the plaintiffs' fourth cause of action is denied.

Viewing the evidence and pleadings in the record in a light most favorable to the plaintiffs *(see, Grand Realty Co. v City of White Plains,* 125 AD2d 639), we conclude the trial court erred in dismissing the fourth cause of action of the complaint which was asserted on behalf of the infant plaintiff to recover damages for the emotional distress allegedly sustained as a result of his observation of the assault upon his father by the defendants Rossi and Williams. Contrary to the trial court's position, we find this cause of action falls with the ambit of *Bovsun v Sanperi* (61 NY2d 219, 223-224) which permits recovery "[w]here a defendant's conduct is negligent as creating an unreasonable risk of bodily harm to a plaintiff and such conduct is a substantial factor in bringing about injuries to the plaintiff in consequence of shock or fright resulting from his * * * contemporaneous observation of serious physical injury or death inflicted by the defendant's conduct on a member of the plaintiff's immediate family in his * * * pres-

ence". There is some evidence in the record, as noted by the trial court, indicating that the infant plaintiff attempted to stop the assault on his father by pushing the two men away. Thus, the infant plaintiff was within the "zone of danger" *(Bovsun v Sanperi, supra,* at 227) and the defendants' conduct created an unreasonable risk of harm to the infant plaintiff. Moreover, the fact that the infant plaintiff did not sustain physical injuries himself does not preclude recovery under *Bovsun v Sanperi (supra; see, Green v Leibowitz,* 118 AD2d 756, 757). Lawrence, J. P., Kunzeman, Kooper and Balletta, JJ., concur.