■ LAL LEASING CORP., Appellant, v ALBERT WILLIAMS, Respondent.—In an action to recover damages for negligence, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Orgera, J.), entered December 11, 1987, which granted the defendant's motion to dismiss the complaint pursuant to CPLR 3211 (a) (2) and (4), and denied the plaintiff's cross motion for partial summary judgment.

Ordered that the order is modified, on the law, by deleting the provision thereof which granted the defendant's motion to dismiss the complaint, and substituting therefor a provision denying the motion; as so modified, the order is affirmed, without costs or disbursements.

Since the plaintiff's action against the defendant arose from an alleged breach of duty owed individually by the defendant to the plaintiff, the Supreme Court erred in holding that it lacked subject matter jurisdiction. The State was not the real party in interest in this action even though the State might be secondarily liable under respondeat superior and even though the plaintiff had a companion action against the State in the Court of Claims arising out of the same facts (see, Morell v Balasubramanian, 70 NY2d 297, 302-303; Teddy's Drive In v Cohen, 47 NY2d 79, 82; see also, Della Pietra v State of New York, 71 NY2d 792, 796). Moreover, the complaint could not be dismissed pursuant to CPLR 3211 (a) (4), since the defendants in the instant action and the related action were not identical (see, Baisley v Town of Kent, 111 AD2d 299).

However, the court properly denied the plaintiff's cross motion for partial summary judgment. The record manifests issues of fact as to the defendant's negligence, which precludes the granting of summary judgment (see, Andre v Pomeroy, 35 NY2d 361, 364). Bracken, J. P., Lawrence, Harwood and Balletta, JJ., concur.