■ LEONARD SULTAN, Individually and as Executor of RUTH SULTAN, Respondent, v KINGS HIGHWAY HOSPITAL CENTER, INC., Appellant, et al., Defendants.—In an action to recover damages for wrongful death and conscious pain and suffering resulting from medical malpractice, the defendant Kings Highway Hospital Center appeals from an order of the Supreme Court, Kings County (Clemente, J.), entered March 7, 1989, which denied its motion to strike so much of the plaintiff's complaint as sought punitive damages against it.

Ordered that the order is affirmed, with costs.

The plaintiff seeks to recover punitive damages from the defendant Kings Highway Hospital Center (hereinafter the hospital) based on allegations that the hospital wrongfully refused to examine, treat or admit his wife Ruth Sultan when she arrived by ambulance on the evening of December 16, 1982. A supervising nurse, allegedly without offering the plaintiff's wife any treatment or allowing her to be examined by the emergency room doctor, informed the plaintiff that, as the hospital was operating at full capacity, his wife would have to be transported to Brookdale Medical Center. Ruth Sultan died at Brookdale Medical Center the next morning.

The hospital moved to strike the demand for punitive damages, relying in part on an affidavit from a physician who stated that the decision to transfer Ruth Sultan was based on sound medical practice, considering the conditions in the emergency room at the time and that the hospital was operating on a "treat and transfer" status. In opposition, the plaintiff submitted an affidavit from a doctor who stated that Ruth Sultan was suffering an acute cardiac event which required emergency treatment when she arrived at the hospital and that the failure to admit her was wanton, intentional, reckless and a departure from accepted medical practice.

The court found that the plaintiff's allegations, together with the deposition testimony, created issues of fact as to whether the hospital's conduct constituted gross negligence for which punitive damages are recoverable. Furthermore, punitive damages are recoverable where vindication of a public right was involved, and the Supreme Court held that the plaintiff's allegations presented a triable issue of fact as to

whether the hospital had violated its duty to provide emergency treatment to the public (see, Public Health Law § 2805-b [4]).

On appeal, the sole argument raised by the hospital is that, even assuming that its employees' conduct was grossly negligent and violative of a public right to emergency treatment, its motion should have been granted because the plaintiff failed to demonstrate that the hospital could be held liable for punitive damages under the "complicity rule." As stated in *Loughry v Lincoln First Bank* (67 NY2d 369, 378), "punitive damages can be imposed on an employer for the intentional wrongdoing of its employees only where management has authorized, participated in, consented to or ratified the conduct giving rise to such damages, or deliberately retained the unfit servant * * * or the wrong was in pursuance of a recognized business system of the entity". The hospital argues, *inter alia,* that the plaintiff failed to present evidence that the hospital's superior officers had any knowledge of or participated in the actions of the emergency room nursing staff.

Upon review of a denial of a defendant's motion for summary judgment, a plaintiff is entitled to every favorable inference which can be reasonably drawn from the evidence (see, *Tambaro v City of New York,* 140 AD2d 331). Applying this standard, we find that there are triable issues of fact with respect to whether punitive damages may be imposed on the hospital. Harwood, J. P., Balletta, Miller and O'Brien, JJ., concur.