■ OLGA GONZALEZ, as Administratrix of the Estate of CASSIE M. BOYD, Deceased, et al., Plaintiffs, and OLGA GONZALEZ, Individually, Appellant, v NEW YORK CITY HOUSING AUTHORITY, Respondent.—Order, Supreme Court, New York County (Leland DeGrasse, J.), entered June 18, 1990, which, *inter alia,* upon reargument granted defendant's motion to resettle a prior order of the court so as to dismiss Olga Gonzalez's individual claim as embodied in the third cause of action and which denied her cross-motion to amend the notice of claim, unanimously affirmed, without costs.

In this wrongful death action, plaintiff-mother, Olga Gonzalez, and her daughter, Cassie, were riding in an elevator with other passengers when the elevator stopped between floors. After the door opened, the passengers disembarked through the open elevator doors. When plaintiff's daughter attempted to exit the elevator cab, the doors closed and the elevator began to move. Plaintiff was in the rear portion of the elevator at that moment and tried to move toward her daughter to help her. Another woman in the elevator held plaintiff back and tried to cover plaintiff's eyes. Observing the events unfolding caused plaintiff to faint and when she regained consciousness, her husband informed her of the daughter's death. She did not witness or contemporaneously become aware of the death. This is one requirement of such a cause of action. *(Bovsun v Sanperi,* 61 NY2d 219, 230-231 [1984].)

On appeal, we are asked to determine whether plaintiff was in the "zone-of-danger", a prerequisite for recovering under a cause of action for negligent infliction of emotional distress *(see, Bovsun v Sanperi, supra,* at 228-231). The motion court decided that plaintiff was not in such a zone-of-danger, and we agree. Plaintiff was not in imminent danger of physical harm at the time of the accident. Indeed, her own testimony demonstrates that she was in the back of the elevator when her daughter was disembarking and did not witness the tragic event. When she tried to aid her daughter and approached the elevator doors, she was held back by another woman and then fainted. Accordingly, plaintiff never entered the "zone-of-danger" which clearly consisted of the area from the elevator doors to the wall outside the elevator and not the interior of the elevator. *(Cf., Hass v Manhattan & Bronx Surface Tr. Operating Auth.,* 170 AD2d 406 [1991].) There is no evidence that the elevator was "out of control."

Finally, we also note that even if plaintiff had a viable cause of action for negligent infliction of emotional distress, we would not permit an amendment of the notice of claim to

add such a cause of action here since it would substantially alter the nature of plaintiff's claim almost five years after the occurrence and thereby prejudice defendant (General Municipal Law § 50-e [5]; *see, Demorcy v City of New York,* 137 AD2d 650 [1988]). Concur—Milonas, J. P., Asch, Kassal, Smith and Rubin, JJ.