■ LILLIAN HASS et al., Respondents, v MANHATTAN AND BRONX SURFACE TRANSIT OPERATING AUTHORITY, Appellant and Third-Party Plaintiff, et al., Defendant, et al., Third-Party Defendant. [612 NYS2d 134] —Amended judgment, Supreme Court, New York County (Martin Stecher, J.), entered December 8, 1992, after a jury trial, which, *inter alia,* awarded judgment in favor of plaintiff, in the amount of $1,100,000 plus interest, is unanimously affirmed, without costs or disbursements.

The jury reasonably determined that plaintiff should recover for her emotional injuries as a result of being within the "zone of danger" when she witnessed her daughter's fatal accident *(see, Bovsun v Sanperi,* 61 NY2d 219). Pursuant to the rule explicated in *Bovsun,* a defendant is subject to liability for a plaintiff's immediate emotional distress from viewing bodily harm to an immediate family member where the defendant's negligent conduct also threatens bodily harm to the plaintiff. This rule applies even when the plaintiff's shock or fright is not due to any fear for her own safety but to

fear for the safety of spouse or child *(supra,* at 230, n 8). Here, in any event, the evidence demonstrated that plaintiff feared for her safety as well as her daughter's life. In addition, plaintiff was exposed to unreasonable risk of injury as she knelt down and reached under the moving bus to help her daughter who had just been run over by the rear wheel of the bus, due to the bus's defective interlock-brake system.

The trial court's charge to the jury regarding the "zone of danger" doctrine was proper. The fact that the court also inferentially mentioned the doctrine that "danger invites rescue" did not affect the propriety of the "zone of danger" concept, nor did it create, as defendant maintains, a "new cause of action for tort recovery." Notably, the two doctrines are not mutually inconsistent and can be contemporaneously applicable in situations, such as this one, where an immediate relative attempts to rescue a loved one and is thereby placed in the "zone of danger" *(see, e.g., DiMarco v Supermarkets Gen. Corp.,* 137 AD2d 651, 652). Concur—Sullivan, J. P., Ellerin, Ross, Asch and Tom, JJ.