■ RANDALL ZEA et al., Individually and as Coadministrators of the Estate of ALISA JO ZEA, Deceased, Respondents, v SHERYL M. KOLB, Appellant. [613 NYS2d 88] —Order unanimously reversed on the law without costs, motion granted and second cause of action and counterclaim on second cause of action dismissed. Memorandum: Supreme Court erred in denying the motion of defendant to dismiss the second cause of action of plaintiff Nancy Jo Zea seeking damages for psychological and emotional injuries she suffered upon viewing defendant's automobile strike her daughter, Alisa Jo Zea, inflicting injuries that resulted in Alisa's death.

Alisa was struck by defendant's vehicle as she rode her bicycle southbound on the shoulder of County Road 37. Nancy was standing in a neighbor's driveway on the opposite side of the road when defendant's vehicle, also traveling southbound, passed her. Fearing for her daughter's safety, Nancy began to run down the road, but remained on the opposite shoulder of the road and never overtook defendant's vehicle. When defendant's vehicle struck Alisa, Nancy was, by her own admission, 1½ car lengths or 12 to 15 feet away from defendant's vehicle. At her EBT, Nancy admitted that she was never in any danger from defendant's vehicle.

Although Nancy was a member of Alisa's immediate family *(see, Trombetta v Conkling,* 82 NY2d 549), she was not in the zone of danger because she herself was never threatened with bodily harm in consequence of defendant's negligence *(see, Bovsun v Sanperi,* 61 NY2d 219, 223-224). Thus, she cannot recover damages for emotional injuries she suffered as a result of viewing the accident *(see, Gonzalez v New York City Hous. Auth.,* 181 AD2d 440; *cf., DiMarco v Supermarkets Gen. Corp.,*

137 AD2d 651; *Shanahan v Orenstein,* 52 AD2d 164, 167, *appeal dismissed* 40 NY2d 985; *Collesides v Westinghouse Elec. Corp.,* 125 Misc 2d 413). To accept the argument that Nancy was in the zone of danger because she could have been struck by a vehicle other than defendant's or because she could have been struck by her daughter's body, which was thrown into the air upon impact, would unreasonably expand bystander liability, which the Court of Appeals has declined to do *(see, Trombetta v Conkling, supra).*

In light of our determination that plaintiffs' second cause of action must be dismissed, defendant's counterclaim on plaintiffs' second cause of action must also be dismissed. (Appeal from Order of Supreme Court, Ontario County, Henry, Jr., J. —Summary Judgment.) Present—Pine, J. P., Lawton, Callahan, Doerr and Davis, JJ.