■ IDILA RIET, Appellant, v MARION COURT EQUITIES CORPORATION et al., Respondents. [644 NYS2d 996] —In a negligence action to recover damages, inter alia, for property damage, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (O'Donoghue, J.), dated May 9, 1995, as granted the motion of the defendants Marion Court Equities Corporation and Larry Kresne to dismiss her cause of action for emotional harm insofar as it

was asserted against them and directed the plaintiff's attorney to pay the sum of $250 to each defendant as a condition to granting her motion to restore the action to the trial calendar.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

The circumstances under which recovery may be had for purely emotional harm are extremely limited, and, thus a cause of action seeking such recovery must generally be premised upon a breach of a duty owed directly to the plaintiff which either endangered the plaintiff's physical safety or caused the plaintiff to fear for his or her own physical safety *(see, e.g., Bovsun v Sanperi,* 61 NY2d 219; *Lancellotti v Howard,* 155 AD2d 588). In this case, the plaintiff failed to satisfy the foregoing standard.

The Supreme Court did not improvidently exercise its discretion in restoring the action to the trial calendar on the condition that the plaintiff's attorney pay the sum of $250 to each defendant *(cf., Lee v Chion,* 213 AD2d 602). Rosenblatt, J. P., Sullivan, Copertino, Santucci and Goldstein, JJ., concur.