■ DINA MOLITERNO et al., Appellants, v COMMUNITY GENERAL HOSPITAL OF SULLIVAN COUNTY et al., Respondents. [722 NYS2d 584] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from (1) an order of the Supreme Court, Orange County (Owen, J.), dated May 26, 2000, which granted the defendants' separate motions for summary judgment dismissing the complaint insofar as asserted against them, (2) a judgment of the same court, entered June 13, 2000, upon the order dated May 26, 2000, which is in favor of the defendant Charles Benson, individually and d/b/a Monticello Manor and against them dismissing the complaint, and (3) a judgment of the same court, entered July 5, 2000, upon the order dated May 26, 2000, which is in favor of all the defendants and against them dismissing the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the appeal from the judgment entered June 13,

2000, is dismissed, as that judgment was superseded by the judgment entered July 5, 2000; and it is further,

Ordered that the judgment entered July 5, 2000, is affirmed; and it is further,

Ordered that the defendants are awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment dated July 5, 2000, in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from that judgment (*see,* CPLR 5501 [a] [1]).

Dina Moliterno (hereinafter the plaintiff) was a patient in the mental health unit of the defendant Community General Hospital of Sullivan County (hereinafter the hospital) on the night that a patient, Peter Krizman, was murdered in his room by another patient, Raymond Taylor. The plaintiff was in her room down the hallway and overheard the murder. She hid in her room and did not see Taylor during the incident. She claimed, however, that she heard Taylor in the hallway and believed that certain threatening remarks he made were directed at her. The plaintiff and her husband commenced this action against the hospital and the defendant Charles Benson, individually and d/b/a Monticello Manor, the adult care facility which transferred Taylor to the hospital. The plaintiff sought to recover damages for the emotional harm she allegedly suffered as a result of the incident.

It was undisputed that the plaintiff did not suffer any physical harm during the incident, nor did Taylor enter her room. The circumstances under which recovery may be had for purely emotional harm are extremely limited (*see, Riet v Marion Court Equities Corp.,* 229 AD2d 480; *Lancellotti v Howard,* 155 AD2d 588). Contrary to the plaintiff's contention, her claim does not fall within the narrow category of cases where purely emotional injuries are compensable (*see generally, Kennedy v McKesson Co.,* 58 NY2d 500, 506; *cf., Battalla v State of New York,* 10 NY2d 237). To the extent that the plaintiff's claim is based on the fact that she overheard the murder of her fellow patient, she may not recover for emotional harm since Krizman was not a member of her immediate family (*see, Bovsun v Sanperi,* 61 NY2d 219). Accordingly, the Supreme Court properly granted summary judgment in favor of the defendants. Bracken, P. J., O'Brien, Goldstein and McGinity, JJ., concur.