■ OK PETROLEUM DISTRIBUTION CORP. et al., Appellants, v NASSAU/SUFFOLK FUEL OIL CORP. et al., Respondents. [793 NYS2d 152]—In an action, inter alia, to impose a constructive trust and to recover damages under Debtor and Creditor Law § 276-a, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Emerson, J.) dated April 6, 2004, as granted the defendants' cross motion for summary judgment dismissing the fifth, sixth, and seventh causes of action insofar as asserted against the defendant Helen

Shusterman-Fishman and upon, in effect, searching the record, awarded summary judgment to the defendants Nassau/Suffolk Fuel Oil Corp., Domino Oil, Inc., and Leonid Fishman dismissing those causes of action insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law and as a matter of discretion, with costs, the cross motion is denied without prejudice to renewal after the completion of discovery, the fifth and sixth causes of action are reinstated insofar as asserted against the defendant Helen Shusterman-Fishman, and the seventh cause of action is reinstated in its entirety.

In opposition to the prima facie showing of entitlement to summary judgment by the defendant Helen Shusterman-Fishman, the appellants demonstrated that they did not have an adequate opportunity to conduct discovery, and that facts essential to oppose the motion may exist but are exclusively within her knowledge (see CPLR 3212 [f]; *Bartell v Mazzafero*, 5 AD3d 618 [2004]; *Mazzola v Kelly*, 291 AD2d 535 [2002]; see also CPLR 3211 [d]). Accordingly, the Supreme Court should have denied the defendants' cross motion for summary judgment dismissing the fifth, sixth, and seventh causes of action insofar as asserted against Shusterman-Fishman. Furthermore, since the proof was insufficient, as a matter of law, to award summary judgment dismissing the seventh cause of action insofar as asserted against the defendants Nassau/Suffolk Fuel Oil Corp., Domino Oil, Inc., and Leonid Fishman, the Supreme Court should not have dismissed that cause of action insofar as asserted against them (see *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *O'Garro v Bailey*, 2 AD3d 424 [2003]). We note that the fifth and sixth causes of action only sought relief from Shusterman-Fishman.

In light of our determination, we do not address the appellants' remaining contention. Florio, J.P., S. Miller, Luciano and Mastro, JJ., concur.