■ JOHN COLOMBINI et al., Appellants-Respondents, v WEST-CHESTER COUNTY HEALTHCARE CORPORATION et al., Respondents-Appellants, and GENERAL ELECTRIC COMPANY, Respondent. [808 NYS2d 705]—

In an action, inter alia, to recover damages for medical mal-

practice, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Jamieson, J.), entered July 23, 2004, as granted those branches of the motion of the defendants Westchester County Healthcare Corporation, Jian Hou, University Imaging Medical Corporation and Medical Associates, P.C., Valhalla Anesthesia Associates, P.C., New York Medical College, Mary Nadler, Patricia Lauria, and Paul Daniels which were for summary judgment dismissing the claim for punitive damages insofar as asserted against them and dismissing the remaining claims insofar as asserted against the defendants Mary Nadler, Patricia Lauria, and Paul Daniels, granted that branch of the cross motion of the defendant General Electric Company which was for summary judgment dismissing the claim for punitive damages insofar as asserted against it, and denied their separate motions to compel discovery, and the defendants Westchester County Healthcare Corporation, Jian Hou, University Imaging Medical Corporation and Medical Associates, P.C., Valhalla Anesthesia Associates, P.C., New York Medical College, Mary Nadler, Patricia Lauria, and Paul Daniels cross-appeal, as limited by their brief, from so much of the same order as, in effect, denied those branches of their cross motion which were for summary judgment dismissing the cause of action alleging conscious pain and suffering insofar as asserted against them and the cause of action asserted by the plaintiff John Colombini alleging infliction of emotional distress insofar as asserted against them, and dismissing the complaint insofar as asserted against the defendant New York Medical College with respect to the claims other than the punitive damages claim.

Ordered that the appeal from so much of the order as denied the plaintiffs' motions to compel discovery is dismissed as academic; and it is further,

Ordered that the order is modified by deleting the provision thereof granting those branches of the cross motion of the defendants Westchester County Healthcare Corporation, Jian Hou, University Imaging Medical Corporation and Medical Associates, P.C.,Valhalla Anesthesia Associates, P.C., New York Medical College, Mary Nadler, Patricia Lauria, and Paul Daniels which were for summary judgment dismissing the claims for punitive damages insofar as asserted against the defendants University Imaging Medical Corporation and Medical Associates, P.C., Patricia Lauria, and Paul Daniels and for summary judgment dismissing the remaining claims insofar as asserted against the defendants Mary Nadler, Patricia Lauria, and Paul Daniels and substituting therefor a provision denying those

branches of that cross motion; as so modified, the order is affirmed insofar as reviewed, the punitive damages claim is reinstated insofar as asserted against the defendant University Imaging Medical Corporation and Medical Associates, P.C., the complaint is reinstated insofar as asserted against the defendants Patricia Lauria and Paul Daniels, and the complaint excepting the claim for punitive damages is reinstated insofar as asserted against the defendant Mary Nadler; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs.

This action involves an accident that occurred at a magnetic resonance imaging (hereinafter MRI) facility administered and supervised by the defendant University Imaging Medical Corporation and Medical Associates, P.C. (hereinafter UIMA), pursuant to a contract with the defendant Westchester County Healthcare Corporation (hereinafter WCHCC). The plaintiffs' decedent, Michael Colombini, a six-year-old boy, was sedated by the defendant Jian Hou, an anesthesiologist employed by the defendant Valhalla Anesthesia Associates, P.C. (hereinafter Valhalla), and placed in the MRI machine. Upon realizing that Michael was not receiving oxygen, Dr. Hou called to the MRI technicians, the defendants Patricia Lauria and Paul Daniels, to attend to the oxygen supply. Hearing Dr. Hou calling for oxygen, the defendant Mary Nadler, a hospital nurse passing in the hallway outside the MRI scanner room, handed him an oxygen tank made of ferrous metal, which was drawn into the magnet of the MRI machine. The oxygen tank struck Michael's head and face as he lay inside the machine, and he subsequently died of his injuries.

Contrary to the conclusion of the Supreme Court, the defendant Mary Nadler and the defendant MRI technicians, Patricia Lauria and Paul Daniels, were not entitled to summary judgment on the ground that only their employers are the proper defendants. While an employer may be vicariously liable for the torts of its employee while acting within the scope of his or her employment (*see Riviello v Waldron*, 47 NY2d 297, 302 [1979]; *Manno v Mione*, 249 AD2d 372 [1998]), a claim against the employer does not necessarily preclude a separate claim against the employee (*see Morell v Balasubramanian*, 70 NY2d 297, 302-303 [1987]; *LAL Leasing Corp. v Williams*, 150 AD2d 643 [1989]).

The Supreme Court also should have denied summary judgment dismissing the claims for punitive damages insofar as asserted against UIMA and its employees, MRI technicians Lauria and Daniels. The conditions in the MRI suite were the responsi-

bility of UIMA pursuant to the MRI services contract with WCHCC, by which UIMA agreed to "provide administrative, supervisory, and teaching services necessary for the conduct of all phases of the MRI operation." Punitive damages are recoverable in actions where a party engages in willful or wanton conduct evincing a deliberate intention to harm or an utter indifference or conscious disregard for the safety of others (*see Home Ins. Co. v American Home Prods. Corp.,* 75 NY2d 196, 202 [1990]). Here, discovery was not complete at the time of the cross motion for summary judgment and the record, therefore, contains limited evidence concerning UIMA's safety practices and training in the MRI suite with regard to allowing ferrous materials near the MRI magnet, and no evidence concerning the roles of Lauria and Daniels with regard to safety procedures intended to keep ferrous materials away from the magnet (*see Harrell v Champlain Enters.,* 222 AD2d 876, 877 [1995]). Summary judgment should be denied as premature where, as here, the party opposing the motion has not had an adequate opportunity to conduct discovery into issues within the knowledge of the moving party (*see* CPLR 3212 [f]; *Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494, 506 [1993]; *OK Petroleum Distrib. Corp. v Nassau/Suffolk Fuel Oil Corp.,* 17 AD3d 551 [2005]; *Mazzola v Kelly,* 291 AD2d 535 [2002]).

In contrast, the plaintiffs failed to raise a triable issue of fact in response to the prima facie showing that the actions of Dr. Hou do not permit the imposition of punitive damages. Discovery has been conducted as to Dr. Hou. While arguendo Dr. Hou may have been negligent, there is nothing in his conduct which elevated his acts or omissions to the level of gross negligence as would warrant the imposition of punitive damages (*see generally Sultan v Kings Highway Hosp. Ctr.,* 167 AD2d 534, 535 [1990]). Consequently, punitive damages are also not warranted as against Valhalla, which merely employed Dr. Hou, and summary judgment dismissing the claims for punitive damages insofar as asserted against Dr. Hou and Valhalla was properly granted.

General Electric Company (hereinafter GE), which manufactured and maintained the MRI machine in which the accident occurred, also established its entitlement to judgment as a matter of law dismissing the claim for punitive damages insofar as asserted against it. GE submitted evidence that, in compliance with all applicable industry and regulatory standards, it supplied an instruction manual containing warnings regarding keeping ferrous materials away from the MRI magnet and suggesting warning signs to use at the facility. The plaintiffs' evi-

dence in opposition, that GE was responsible for servicing the MRI machine, did not raise a triable issue of fact which could support a claim for punitive damages against GE (*see Martin v Hacker,* 83 NY2d 1 [1993]; *Poulard v Papamihlopoulos,* 254 AD2d 266 [1998]; *Andre v Mecta Corp.,* 186 AD2d 1 [1992]).

The Supreme Court correctly denied summary judgment dismissing the cause of action asserted by the plaintiff John Colombini, Michael's father, alleging infliction of emotional distress. In opposition to the prima facie showing of entitlement to judgment as a matter of law demonstrating that John Colombini was not within the zone of foreseeable danger when the oxygen tank struck his son because at that time, he was outside the room in which the MRI was located (*see Moliterno v Community Gen. Hosp. of Sullivan County,* 282 AD2d 441, 442 [2001]; *Zea v Kolb,* 204 AD2d 1019 [1994]; *Gonzalez v New York City Hous. Auth.,* 181 AD2d 440 [1992]; *cf. Bovsun v Sanperi,* 61 NY2d 219, 228-231 [1984]), the plaintiffs raised a triable issue as to whether he came within the zone of foreseeable danger when he entered the room to help extricate his son from the MRI machine, with the attendant circumstances surrounding the endeavor (*see Wallace v Parks Corp.,* 212 AD2d 132, 142 [1995]; *Hass v Manhattan & Bronx Surface Tr. Operating Auth.,* 204 AD2d 208 [1994], *lv denied* 84 NY2d 811 [1994]; *DiMarco v Supermarkets Gen. Corp.,* 137 AD2d 651, 652 [1988]).

As to the cause of action alleging conscious pain and suffering, in response to an expert affidavit, the plaintiffs submitted a competing expert affidavit raising a triable issue of fact as to whether Michael experienced conscious pain and suffering after the accident, making summary judgment inappropriate (*see McDougald v Garber,* 73 NY2d 246, 255 [1989]; *Ramos v Shah,* 293 AD2d 459 [2002]; *Martin v Reedy,* 194 AD2d 255 [1994]; *Walsh v Staten Is. Obstetrics & Gynecology Assoc.,* 193 AD2d 672 [1993]).

Because New York Medical College (hereinafter NYMC) did not establish its prima facie entitlement to judgment as a matter of law, the court correctly denied summary judgment dismissing the claims other than the punitive damages claims insofar as asserted against it. The affidavit submitted by NYMC's officer does not foreclose the possibility that it was involved in the training or education of individuals involved in the incident, so that it exercised an element of control over their culpable conduct (*see Pulka v Edelman,* 40 NY2d 781 [1976]).

A subsequent order of the Supreme Court, entered February 16, 2005, has rendered academic the plaintiffs' arguments on this appeal regarding discovery.

The plaintiffs' remaining contentions are without merit. Prudenti, P.J., S. Miller, Spolzino and Dillon, JJ., concur.