OPINION OF THE COURT
Memorandum.
Ordered that the order is affirmed without costs.
Plaintiff commenced this action to recover the sum of $21,445 for title abstracting services allegedly rendered to defendant between August 10, 2006 and May 15, 2007. The complaint asserts causes of action for breach of contract and on an account stated. On May 14, 2008, plaintiff served a notice to produce and a notice to admit on defendant, and the same day also served a certificate of readiness for trial in which plaintiff stated, inter alia, “Discovery proceedings now known to be necessary completed”; “There are no outstanding requests for discovery”; “There has been a reasonable opportunity to complete the foregoing proceedings”; and, “The case is ready for trial.” Plaintiff filed the certificate of readiness for trial on May 21, 2008. Plaintiffs discovery demands included a request that defendant admit receipt of its price list and unpaid invoices and the veracity of same. Without moving to strike the certificate of readiness, defendant answered plaintiffs discovery demands. In its response to the notice to admit, defendant denied receipt of plaintiffs price list and the unpaid invoices, or, in the alternative, said that they had been received by defendant but purposefully concealed from defendant by a former officer and shareholder of defendant. Defendant further asserted that said individual had engaged in a pattern of self-dealing and other behavior to purposefully harm defendant. Defendant did not admit the veracity of the invoices. Together with its answer to plaintiffs discovery demands, defendant served a number of discovery demands on plaintiff.
Plaintiffs sole response to defendant’s discovery demands was a document entitled, “Preliminary objections to discovery.” Shortly after serving its objections, plaintiff moved for, inter alia, summary judgment. In a supporting affidavit, Peter Michalewicz, plaintiff’s senior vice-president, detailed the *45 procedures pursuant to which defendant had ordered services from plaintiff, plaintiffs provision of such services to defendant, and plaintiffs mailing of invoices to defendant for such services, and stated that specific invoices remained unpaid. While Michalewicz asserted that, following receipt, defendant had objected to the invoices solely on the basis that plaintiffs rates were higher than some of plaintiffs competitors, there was no objection that the invoices were inaccurate or failed to reflect the prices as set forth on plaintiffs price list. There were annexed to the Michalewicz affidavit copies of paid and unpaid invoices plaintiff had allegedly sent to defendant as well as a copy of plaintiffs price list. Each invoice, which was undated, was on plaintiffs letterhead, was addressed to defendant, bore an invoice number, stated that it was a list of searches “as of’ a given date, and detailed the specifics of each title search performed along with a price per search and per title number. This showing was adequate to make out a prima facie case on both of plaintiffs causes of action.
Defendant opposed plaintiffs motion and cross-moved for an order compelling plaintiff to respond to its discovery demands and staying trial pending the completion of discovery. In a supporting affidavit, defendant’s president, Andrew Cameron, stated that one Elizabeth DeVaynes had previously been the managing partner of defendant’s business and had overseen defendant’s day-to-day operations. In 2006, Cameron stated he discovered that DeVaynes, together with one or two of defendant’s employees, was conducting a competing business, was sabotaging defendant’s business, and was diverting business from defendant’s business to said competing business. Cameron also alleged that DeVaynes and defendant’s former employees had colluded with plaintiff in an over-billing or misdirected-billing scheme, such that certain of the services for which defendant had been billed by plaintiff either had not been performed, had been performed on behalf of the competing title business, or had been performed improperly so as to render the services unusable by defendant. He said that he had referred the matter to his attorney, Bonfiglio, who, in December 2006, had advised Michalewicz of his concerns. No documentation was submitted in support of these allegations. However, Cameron said that because the individuals with knowledge of the transactions in issue were not employed by defendant, plaintiffs motion for summary judgment should be denied (see CPLR 3212 [fl), as he required pretrial discovery of plaintiff.
*46 Plaintiff responded that defendant’s cross motion was fatally late because a certificate of readiness for trial had been filed and defendant had not made a timely motion to strike the certificate of readiness.
The Civil Court denied plaintiffs motion for summary judgment, granted defendant’s cross motion, and stayed trial until discovery was complete.
Even though plaintiff made out a prima facie case on both of its causes of action, the evidence proffered by defendant showed that none of the persons with whom plaintiff had allegedly made the oral agreements sued upon were still in defendant’s employ or otherwise associated with defendant or under defendant’s control. Consequently, plaintiffs motion for summary judgment was properly denied since defendant had not yet had an adequate opportunity to conduct discovery into issues which were within plaintiffs knowledge and which would be essential in opposing the motion (see Colombini v Westchester County Healthcare Corp., 24 AD3d 712, 715 [2005]). For this reason, the Civil Court properly granted defendant’s cross motion for an order compelling discovery pursuant to CPLR 3212 (f).
We note that plaintiffs certificate of readiness for trial, which was served on the same date as plaintiffs discovery demands, was premised on falsehoods, as discovery patently was not complete, and the case was not ready for trial. Because the certificate of readiness contained misstatements of material facts, the filing of the notice of trial was a nullity (see Brown v Astoria Fed. Sav., 51 AD3d 961, 962 [2008]; Hochberg v Maimonides Med. Ctr., 37 AD3d 660 [2007]) and did not bar defendant from moving to compel discovery.
Accordingly, we affirm the order of the Civil Court.