# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**137**

**CA 10-01273**

PRESENT: SCUDDER, P.J., FAHEY, PERADOTTO, LINDLEY, AND MARTOCHE, JJ.

---

DELIRIS DIAZ, INDIVIDUALLY AND AS PARENT
AND NATURAL GUARDIAN OF THE INFANT, JOSE
MARQUEZ-DIAZ, PLAINTIFF-APPELLANT,

V                                                    MEMORANDUM AND ORDER

LITTLE REMEDIES CO., INC., MEDTECH
HOLDINGS, INC., MEDTECH PRODUCTS, INC.,
PRESTIGE BRANDS, INC., AND PRESTIGE BRANDS
HOLDINGS, INC., DEFENDANTS-RESPONDENTS.

---

FARACI LANGE, LLP, ROCHESTER (STEPHEN G. SCHWARZ OF COUNSEL), FOR
PLAINTIFF-APPELLANT.

HARTER SECREST & EMERY LLP, ROCHESTER (F. PAUL GREENE OF COUNSEL), FOR
DEFENDANTS-RESPONDENTS.

---

Appeal from an order and judgment (one paper) of the Supreme
Court, Monroe County (Matthew A. Rosenbaum, J.), entered March 22,
2010.  The order and judgment dismissed the complaint.

It is hereby ORDERED that the order and judgment so appealed from
is unanimously modified on the law by denying the motion in part and
reinstating the complaint except to the extent that it asserts claims
for damages for emotional injuries sustained by plaintiff and claims
for damages to her reputation that are not related to pecuniary loss,
and as modified the order and judgment is affirmed without costs.

Memorandum:  Plaintiff commenced this action, individually and on
behalf of her two-year-old son, seeking damages related to injuries
sustained by him after plaintiff treated him with a child's laxative
(hereafter, product) allegedly manufactured and marketed by
defendants.  Plaintiff alleged that, when she administered the product
to her son and it thereafter mixed with his stool, her son developed
contact dermatitis, chemical burns and sloughing of the skin on his
buttocks and genital area.  When plaintiff sought medical treatment
for her son, medical professionals did not accept her explanation for
the cause of her son's injuries and instead suspected that plaintiff's
son had been burned by scalding water.  Plaintiff was arrested on
various child abuse charges, a neglect proceeding was commenced in
Family Court, and an order of protection was issued on behalf of
plaintiff's children.  The charges were dismissed several months later
based upon the opinion of a medical expert that the burns sustained by
plaintiff's son were consistent with exposure to senna, a botanical

ingredient contained in defendants' product.  Supreme Court granted that part of defendants' motion seeking to dismiss the complaint pursuant to CPLR 3211 (a) (5) and (7) and dismissed the complaint in its entirety.

Contrary to plaintiff's contention, the court properly granted those parts of the motion to dismiss the claims for damages resulting from her emotional injuries inasmuch as they were not a direct result of a breach of defendants' duty to her but, rather, they were a consequential result of that breach (*see Kennedy v McKesson Co.*, 58 NY2d 500, 506).  Furthermore, although plaintiff arguably was within the zone of danger because she was exposed to defendants' product several times when she cleaned it from her son's skin (*cf. Marcale v Curcio* [appeal No. 1], 24 AD3d 1233, 1235, *lv denied* 7 NY3d 703), she may recover under the zone of danger theory only for the emotional distress resulting from viewing the serious physical injury of a member of her family while in the zone of danger.  Here, however, the emotional injuries for which she seeks damages are related to her arrest on child abuse charges and to her separation from her family, not from viewing the serious physical injury of her son while in the zone of danger (*see Bovsun v Sanperi*, 61 NY2d 219, 228-229; *Hass v Manhattan & Bronx Surface Tr. Operating Auth.*, 204 AD2d 208, *lv denied* 84 NY2d 811).

Also contrary to plaintiff's contention, the court properly determined that certain of her claims for damage to her reputation sounded in defamation, and thus the court properly granted the motion with respect to those claims on the ground that they were time-barred (*see* CPLR 215 [3]).  We conclude, however, that the court erred in granting the motion with respect to plaintiff's claims for damage to her reputation based upon alleged pecuniary losses (*see Kennedy*, 58 NY2d at 504).  We therefore modify the order and judgment accordingly.

The court also erred in granting that part of the motion with respect to the first cause of action, for strict products liability based on failure to warn, insofar as that cause of action seeks damages for the injuries sustained by plaintiff's son and pecuniary damages sustained by plaintiff.  We therefore further modify the order and judgment accordingly.  Contrary to the court's determination, that cause of action was not preempted by federal regulations concerning over-the-counter laxatives.  Pursuant to 21 USC § 379r (a) (2), no State may establish a requirement "that is different from or in addition to, or that is otherwise not identical with, a requirement under . . . the Poison Prevention Packaging Act of 1970 (15 USC [§] 1471 *et seq.*)[] or the Fair Packaging and Labeling Act (15 USC [§] 1451 *et seq.*)."  Pursuant to 21 USC § 379r (e), however, "[n]othing [in the statute] shall be construed to modify or otherwise affect any action or the liability of any person under the product liability law of any State."  Thus, regardless whether the "tentative final monograph" for laxatives published in the Federal Register has the binding effect of a regulation that would trigger preemption considerations (*see generally Mills v Warner-Lambert Co.*, 581 F Supp 2d 772, 779-780), the first cause of action alleges products liability, and thus the exception to preemption contained in section

379r (e) applies.

Finally, "accept[ing] the facts as alleged in the complaint as true [and] accord[ing] plaintiff[] the benefit of every possible favorable inference" (*Leon v Martinez*, 84 NY2d 83, 87), we conclude that the complaint asserts breach of warranty and negligence causes of action. We thus conclude that the court erred in granting the motion with respect to the second and third causes of action insofar as they seek damages for the injuries sustained by plaintiff's son and pecuniary damages sustained by plaintiff, and we therefore further modify the order and judgment accordingly.

Entered:  February 18, 2011                    Patricia L. Morgan
                                               Clerk of the Court