Castellazzo v David's New Beginnings, LLC

2026 NY Slip Op 02625

April 29, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Gabrielle Castellazzo, appellant,

v

David's New Beginnings, LLC, etc., defendant, Kathleen P. Wallace, respondent.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 29, 2026

2024-09833, (Index No. 609048/22)

Betsy Barros, J.P.

Cheryl E. Chambers

Linda Christopher

James P. McCormack, JJ.

Michael J. Strenk, Commack, NY, for appellant.

Wood, Smith, Henning & Berman, LLP, White Plains, NY (Raizza M. Cui and Jared K. Levy of counsel), for respondent.

[*1]

DECISION & ORDER

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (James F. Quinn, J.), dated June 21, 2024. The order granted the motion of the defendant Kathleen P. Wallace for summary judgment dismissing the complaint insofar as asserted against her.

ORDERED that the order is reversed, on the law, with costs, and the motion of the defendant Kathleen P. Wallace for summary judgment dismissing the complaint insofar as asserted against her is denied.

The plaintiff alleges that she sustained injuries due to the defendants' negligence, when the defendant Kathleen P. Wallace performed a facial treatment upon the plaintiff, in the course of Wallace's employment by the defendant David's New Beginnings, LLC (hereinafter New Beginnings). Wallace moved for summary judgment dismissing the complaint insofar as asserted against her, on the ground that New Beginnings was vicariously liable under the doctrine of respondeat superior for Wallace's alleged negligent acts. In an order dated June 21, 2024, the Supreme Court granted Wallace's motion. The plaintiff appeals.

Contrary to the conclusion of the Supreme Court, the doctrine of respondeat superior does not entitle Wallace to summary judgment dismissing the complaint insofar as asserted against her. "While an employer may be vicariously liable for the torts of its employee while acting within the scope of his or her employment, a claim against the employer does not necessarily preclude a separate claim against the employee" (Colombini v Westchester County Healthcare Corp., 24 AD3d 712, 714 [citations omitted]; see Morell v Balasubramanian, 70 NY2d 297, 302-303; Ott v Barash, 109 AD2d 254, 261-262). "It is ordinarily immaterial to an agent's liability that the agent's tortious conduct may, additionally, subject the principal to liability" (Restatement [Third] of Agency § 7.01[b]). "It is consistent with encouraging responsible conduct by individuals to impose individual liability on an agent for the agent's torts although the agent's conduct may also subject the principal to liability" (id.).

Since Wallace failed to meet her initial burden as the movant, it is not necessary to [*2]review the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).

BARROS, J.P., CHAMBERS, CHRISTOPHER and MCCORMACK, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court