■ ITHACA MEMORIAL CHAPTER NO. 147, DISABLED AMERICAN VETERANS, INC., Appellant, v FIRST NATIONAL BANK AND TRUST COMPANY, Respondent. — Appeal from a judgment of the Supreme Court in favor of defendant, entered July 28, 1982 in Tompkins County, upon a dismissal of the complaint by the court at Trial Term (Bryant, J.), at the close of plaintiff's case. Plaintiff alleged that defendant bank, holder of a mortgage on plaintiff's property, entered the property without permission or authority and had the utilities turned on after plaintiff, being in financial difficulties, had the gas, water and electricity shut off for the winter. Plaintiff further complained that as a result of the restoration of electrical power, an electric malfunction developed which started a fire and caused damages to plaintiff's building and its contents. At the close of plaintiff's case, tried before a jury, defendant moved for a directed verdict on the basis of plaintiff's failure to prove a prima facie case in trespass. The trial court granted the motion and the complaint was dismissed. This appeal ensued. There must be an affirmance. Plaintiff failed to prove that any trespass by or negligent act of defendant was a proximate cause of the fire (see *Vodery v Niagara Mohawk Power Corp.,* 47 AD2d 983; see, also, *Doundoulakis v Town of Hempstead,* 42 NY2d 440, 453; 61 NY Jur, Trespass, § 36, p 46). The evidence revealed that plaintiff had the utilities shut off in August, 1974. Defendant caused the utilities to be turned on in October, 1974. On December 27, 1974, acting on rumors of alleged pilferage, defendant had the locks on the building changed. The fire occurred on January 2, 1975. While the trial court should have found that plaintiff's expert witness was qualified to render an opinion as to the origin of the fire, and left the weight to be given his testimony up to the jury, such error does not require reversal since, without proof that an act of defendant was a proximate cause of the fire, there can be no recovery. We find it unnecessary to review plaintiff's other claims of error in view of this lack of proof of causation. Judgment affirmed, without costs. Mahoney, P. J., Kane, Main, Casey and Mikoll, JJ., concur.