■ NICHOLAS A. DELLAPORTAS, Appellant, v COUNTY OF PUT-NAM, Respondent. [658 NYS2d 116] —In an action, *inter alia,* to recover damages for trespass, the plaintiff appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Putnam County (Dickinson, J.H.O.), dated May 29, 1996, as dismissed his second cause of action upon a trial ruling (1) granting the defendant's motion pursuant to CPLR 4401, made at the close of the evidence, for judgment as a matter of law dismissing the second cause of action, and (2) denying his cross motion pursuant to CPLR 4401 for judgment as a matter of law on the second cause of action.

Ordered that the judgment is reversed insofar as appealed from, on the law, the second cause of action is reinstated, the defendant's motion is denied, that branch of the plaintiff's cross motion which was for summary judgment on the second cause of action on the element of trespass is granted, the cross motion is otherwise denied, and the matter is remitted to the Supreme Court, Putnam County, for a new trial consistent herewith, with costs to abide the event.

The evidence established, as a matter of law, that the defendant committed trespass. The undisputed evidence at trial was that the defendant installed catch basins along Peekskill Hollow Road and directed the water collected therein onto the plaintiff's property. Such conduct constituted an actionable trespass (see, Tremblay v Harmony Mills, 171 NY 598, 601; Noonan v City of Albany, 79 NY 470, 476; M. C. D. Carbone, Inc. v Town of Bedford, 98 AD2d 714). Accordingly, the defendant's motion pursuant to CPLR 4401 for judgment as a matter of law dismissing the second cause of action alleging trespass should have been denied. Moreover, the plaintiff's cross motion pursuant to CPLR 4401 for a judgment on that cause of action should have been granted to the extent that he proved trespass.

In order to recover compensatory damages, the plaintiff must demonstrate that the damages complained of were proximately caused by the defendant's trespass (see, Ithaca Mem. Ch. No. 147, Disabled Am. Veterans v First Natl. Bank & Trust Co., 96 AD2d 667; 104 NY Jur 2d, Trespass, § 35, at 482). The trial record reveals that there exists a material question of fact as to causation. Accordingly, the matter is remitted to the Supreme Court for a new trial on the issue of what damages, if any, were proximately caused by the trespass. Joy, J. P., Goldstein, Florio and Luciano, JJ., concur.