(October 12, 2004)

■ ALSOL ENTERPRISES, LTD., Respondent, v PREMIER LINCOLN-MERCURY, INC., Appellant. [783 NYS2d 59]—In an action, inter alia, to permanently enjoin the defendant from using or obstructing a certain driveway and parking spaces, the defendant appeals (1), as limited by its brief, from so much of an order of the Supreme Court, Kings County (Vaughan, J.), dated November 20, 2002, as denied its motion to dismiss the complaint, and (2) from an order of the same court dated November 21, 2002, which granted the plaintiff's motion for a preliminary injunction.

Ordered that the appeal from the order dated November 21, 2002, is dismissed as academic; and it is further,

Ordered that the order dated November 20, 2002, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the respondent.

As a result of a subsequent order of the Supreme Court, Kings County, dated April 15, 2004, which, inter alia, granted the motion of the plaintiff Alsol Enterprises, Ltd. (hereinafter Alsol), for summary judgment and granted a permanent injunction in favor of Alsol, the preliminary injunction granted by the order dated November 21, 2002, has been rendered academic (*see AIG DKR Soundshore Holdings v Kailbourne,* 308 AD2d 381 [2003]; *Ruggerio v Ruggerio,* 173 AD2d 595 [1991]; *State of New York v Barone,* 141 AD2d 629 [1988]). Thus, the appeal from that order is dismissed.

The defendant's motion to dismiss the complaint pursuant to CPLR 3211 was properly denied. In assessing such a motion, the allegations in the complaint are accepted as true and the plaintiff is accorded every possible favorable inference to be drawn therefrom (*see 511 W. 232nd Owners Corp. v Jennifer Realty Co.,* 98 NY2d 144, 152 [2002]). The motion must be denied if, upon any reasonable view of the facts alleged in the complaint, the plaintiff would be entitled to recovery (*see 219 Broadway Corp. v Alexander's, Inc.,* 46 NY2d 506 [1979]). Under this standard of review, the defendant's contentions regarding the sufficiency of the complaint are without merit. To the extent that the affidavit of the defendant's general manager and the affirmation of its attorney, both submitted in support of the motion, contradicted the complaint, they did not "conclusively establish that the [plaintiff] has no cause of action" (*Rovello v Orofino Realty Co.,* 40 NY2d 633, 636 [1976]; *see Health-Loom Corp. v Soho Plaza Corp.,* 209 AD2d 197 [1994]), but merely disputed some of the factual allegations in the complaint. Smith, J.P., S. Miller, Crane and Rivera, JJ., concur.