■ PARADISE POINT ASSOCIATION, INC., Respondent, v MARY S. ZUPA, Appellant. [802 NYS2d 636]—In an action, inter alia, pursuant to RPAPL article 15, to determine claims to real property, the defendant appeals, by permission, from an order of the Supreme Court, Suffolk County (Catterson, J.), dated May 11, 2004, which, in effect, granted the plaintiff's motion for a preliminary injunction.

In an action, inter alia, pursuant to RPAPL article 15, to determine claims to certain real property, the defendant appeals from (1) a judgment of the Supreme Court, Suffolk County (Catterson, J.), dated October 27, 2004, which, after a nonjury trial, declared that the plaintiff possesses an easement over her property as described in a certain deed and enjoined her from interfering with the plaintiff's "use and possession" of the easement, declared that the plaintiff has a prescriptive easement over a private roadway on her property and enjoined her from interfering with the use of the easement, and determined that she is barred from "all claim to an estate or interest in" a certain jetty protruding from her property into Southold Bay and enjoined her from interfering with the plaintiff's possession of that jetty, and (2) a money judgment of the same court dated November 5, 2004, which is in favor of the plaintiff and against her in the principal sum of $6,936, representing an award of costs and disbursements in the action.

Ordered that judgment is modified, on the law, by deleting from the first decretal paragraph thereof the words "and possession"; as so modified, the judgment is affirmed; and it is further,

Ordered that the money judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondent.

With respect to the cause of action for an easement over the defendant's property as described in a 1989 deed, the Supreme Court declared that the Paradise Point Association, Inc. (hereinafter PPA), had a valid and existing deeded easement over the defendant's property and enjoined the defendant from interfering with the PPA's use and possession of that easement. It is well settled that easement rights derive from use and enjoyment (see Di Leo v Pecksto Holding Corp., 304 NY 505, 511 [1952]). The easement owner gains no right to possess or occupy the land (id.; see Trustees of Town of Southampton v Jessup, 162 NY 122 [1900]). Here, the deed was clear that the PPA only gained a limited use and enjoyment of the servient land. Therefore, the court erred in enjoining the defendant from interfering with the PPA's possession of the deeded easement.

The Supreme Court correctly declared that the PPA had a prescriptive easement over the dirt roadway on the defendant's property and therefore properly enjoined her from interfering with its use of the road (see Di Leo v Pecksto Holding Corp., supra at 512; Frumkin v Chemtop, 251 AD2d 449 [1998]).

The defendant's remaining contentions are without merit. Adams, J.P., Luciano, Skelos and Lifson, JJ., concur.