NETJETS, INC., Respondent, v SIGNATURE FLIGHT SUPPORT, INC., Defendant, and SIGNATURE FLIGHT SUPPORT CORP. et al., Appellants. [842 NYS2d 492]—

In an action, inter alia, to recover damages for breach of contract, the defendant Sharp Details, Inc., incorrectly sued herein as Sharp Detailing, Inc., appeals, as limited by its brief, (1) from so much of an order of the Supreme Court, Westchester County (Barone, J.), entered October 25, 2004, as granted the plaintiff's motion for reargument and, upon reargument, vacated so much of an order of the same court entered July 21, 2004, as granted its motion for summary judgment dismissing the second, fourth, and seventh causes of action insofar as asserted against it and, in effect, denied its motion for summary judgment dismissing the second, fourth, and seventh causes of action insofar as asserted against it, and (2) from so much of an order of the same court entered January 4, 2005, as denied its motion for leave to reargue its opposition to the plaintiff's mo-

tion for leave to reargue, and the defendant Signature Flight Support Corp. separately appeals, as limited by its brief, from (1) so much of the order entered October 25, 2004, as granted the plaintiff's motion for reargument and, upon reargument, vacated so much of the order entered July 21, 2004, as granted its motion for summary judgment dismissing the third, sixth, and seventh causes of action insofar as asserted against it, vacated so much of the order entered July 21, 2004, as, upon searching the record, awarded it summary judgment dismissing the first cause of action insofar as asserted against it, and, in effect, denied its motion for summary judgment dismissing the third, sixth, and seventh causes of action insofar as asserted against it and (2) from so much of the order entered January 4, 2005, as denied its separate motion for leave to reargue its opposition to the plaintiff's motion for leave to reargue.

Ordered that the appeal by the defendant Sharp Details, Inc., incorrectly sued herein as Sharp Detailing Inc., from the order entered October 25, 2004 is dismissed, without costs or disbursements, as those portions of the order appealed from were superseded by a subsequent order of the same court entered December 5, 2005, dismissing the second, fourth, and seventh causes of action insofar as asserted against it; and it is further,

Ordered that the separate appeal by defendant Signature Flight Support Corp. from so much of the order entered October 25, 2004 as, upon reargument, vacated so much of the order entered July 21, 2004 as granted its motion for summary judgment dismissing the third, sixth, and seventh causes of action insofar as asserted against it and, in effect, denied its motion for summary judgment dismissing the third, sixth, and seventh causes of action insofar as asserted against it, is dismissed, without costs or disbursements, as those portions of the order appealed from were superseded by a subsequent order of the same court entered July 7, 2005, dismissing the third, sixth, and seventh causes of action insofar as asserted against it; and it is further,

Ordered that the order entered October 25, 2004 is affirmed insofar as reviewed, without costs or disbursements; and it is further,

Ordered that the appeals from the order entered January 4, 2005 are dismissed, without costs or disbursements, as no appeal lies from an order denying a motion for leave to reargue (*see Town House St., LLC v New Fellowship Full Gospel Baptist Church, Inc.,* 29 AD3d 894, 894-895 [2006]).

Certain portions of the Supreme Court's order entered October 25, 2004, made upon reargument, have been superseded

by subsequent orders of the Supreme Court, one entered July 7, 2005, inter alia, dismissing the third, sixth, and seventh causes of action insofar as asserted against the defendant Signature Flight Support Corp. (hereinafter Signature), and another entered December 5, 2005, among other things, dismissing the second, fourth, and seventh causes of action insofar as asserted against the defendant Sharp Details, Inc., incorrectly sued herein as Sharp Detailing, Inc. (hereinafter Sharp). The appeals from those portions of the October 25, 2004 order must thus be dismissed (see Paradise Point Assn., Inc. v Zupa, 22 AD3d 818 [2005]; Alsol Enters., Ltd. v Premier Lincoln-Mercury, Inc., 11 AD3d 493, 494 [2004]). However, we affirm so much of the order entered October 25, 2004 as vacated so much of a prior order entered July 21, 2004, as, upon searching the record, awarded summary judgment to Signature dismissing the first cause of action alleging a breach of contract insofar as asserted against it. Since Signature never moved for summary judgment dismissing that cause of action and no other party moved for summary judgment with respect to that cause of action, vacatur was appropriate, because "a court may search the record and grant summary judgment in favor of a nonmoving party only with respect to a cause of action or issue that is the subject of the motions before the court" (Dunham v Hilco Constr. Co., 89 NY2d 425, 429-430 [1996]; see CPLR 3212 [b]). Crane, J.P., Krausman, Lifson and Balkin, JJ., concur.