■ MICHAEL NAWROCKI, Respondent, v THE COASTAL CORPORATION et al., Appellants. KURK FUEL COMPANY, Third-Party Plaintiff, v SCHMITT SALES, INC., et al., Third-Party Defendants-Appellants. PAUTLER OIL SERVICE, Third-Party Plaintiff, v REID PETROLEUM CORPORATION, Third-Party Defendant-Appellant. PAUTLER OIL SERVICE, Third-Party Plaintiff, v EXXON MOBIL OIL CORPORATION, Third-Party Defendant-Appellant. NOCO ENERGY CORP., Fourth-Party Plaintiff, v CANADA IMPERIAL OIL LIMITED et al., Fourth-Party Defendants-Appellants. [845 NYS2d 896]—

Appeals from an order of the Supreme Court, Erie County (Diane Y. Devlin, J.), entered June 20, 2006. The order denied the motions and cross motions of defendants, third-party defendants and fourth-party defendants for, inter alia, summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the motions and cross motions are granted in part and the complaint is dismissed.

Memorandum: Plaintiff commenced this action alleging that he contracted aplastic anemia as a result of his exposure to gasoline and the benzene contained therein while working as a groundskeeper for a school for three years and while filling gasoline cans at a gas station for his lawn mower for 28 years. Defendants, third-party defendants, and fourth-party defendants (movants) moved and cross-moved for, inter alia, summary judgment dismissing the complaint in the main action. Supreme Court erred in denying those parts of the motions and cross mo-

tions. In support thereof, the movants submitted expert affidavits stating that there was no scientific or medical literature establishing that plaintiff's dermal exposure to gasoline or the estimated level of plaintiff's exposure to benzene contained in gasoline through inhalation of gasoline vapors and engine exhaust can cause aplastic anemia. The expert affidavit submitted by plaintiff in opposition to the motions and cross motions was insufficient to raise an issue of fact with respect to causation. "[A]n opinion on causation should set forth a plaintiff's exposure to a toxin, that the toxin is capable of causing the particular illness (general causation) and that plaintiff was exposed to sufficient levels of the toxin to cause the illness (specific causation)" (*Parker v Mobil Oil Corp.*, 7 NY3d 434, 448 [2006], *rearg denied* 8 NY3d 828 [2007]). The affidavit of plaintiff's expert failed to set forth the manner in which he estimated plaintiff's exposure to a specific level of benzene. Moreover, the affidavit of plaintiff's expert failed to refer to any study establishing that plaintiff was exposed to sufficient levels of benzene to cause aplastic anemia. We thus conclude that the movants established their entitlement to judgment as a matter of law, and plaintiff failed to raise a triable issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562). Present—Hurlbutt, J.P., Martoche, Smith, Centra and Fahey, JJ. [*See* 13 Misc 3d 1227(A), 2006 NY Slip Op 52017(U) (2006).]