■ DONALD D. HELLERT et al., Individually and as Parents and Natural Guardians of BENJAMIN P. HELLERT, an Infant, et al., Respondents, v TOWN OF HAMBURG, Appellant. (Appeal No. 1.) [857 NYS2d 825]—

Appeal from an order of the Supreme Court, Erie County (Erin M. Peradotto, J.), entered December 11, 2006 in a personal injury action. The order, insofar as appealed from, denied in part the motion of defendant for summary judgment dismissing the amended complaint.

It is hereby ordered that the order insofar as appealed from is unanimously reversed on the law without costs, the motion is granted in its entirety and the amended complaint is dismissed.

Memorandum: Plaintiffs commenced this action alleging that defendant allowed toxic and hazardous substances to migrate from its property, where it formerly operated a landfill, to plaintiffs' property. According to plaintiffs, those substances caused health risks to plaintiffs and personal injuries to one of the children on whose behalf the action was commenced (hereafter, child), as well as property damage. Supreme Court granted defendant's motion for summary judgment dismissing the amended complaint only in part, and we agree with defendant that the court should have granted defendant's motion in its entirety.

In support of its motion, defendant established its entitlement to judgment as a matter of law with respect to the remaining causes of action, for trespass, private nuisance, negligence and negligence per se (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). A common element alleged in each of those causes of action is that unsafe levels of hazardous materials originating on defendant's property migrated to plaintiffs' properties, resulting in health or safety risks. Here, defendant established through the various environmental reports submitted in support of the motion and through the affidavit of its medical expert that, although contaminants were found on plaintiffs' properties, they did not result in health or safety risks and did not cause the migraine headaches of the child.

We conclude that plaintiffs failed to raise a triable issue of fact sufficient to defeat the remainder of defendant's motion. Contrary to the contention of plaintiffs, the affidavit of their hydrogeologist was insufficient to raise a triable issue of fact because they failed to establish that he was qualified to render the opinions set forth in his affidavit, i.e., they failed to establish that he was "possessed of the requisite skill, training, education, knowledge or experience from which it can be assumed that the information imparted or the opinion rendered is reliable" (*Matott v Ward*, 48 NY2d 455, 459 [1979]; *see Moody v Sorokina*, 40 AD3d 14, 20 [2007], *appeal dismissed* 8 NY3d 978, *reconsideration denied* 9 NY3d 887 [2007]). He was not certified as a hydrogeologist by any accepted accrediting organization and, indeed, he admitted in his deposition testimony that he was "not qualified to indicate what's a health risk and what's not."

Even assuming, arguendo, that plaintiffs' hydrogeologist is a qualified expert, we conclude that his affidavit and report is insufficient to raise a triable issue of fact on the further ground that he does not expressly state therein that the detected levels

of contaminants pose a health risk to plaintiffs. Although his affidavit and report state that the various contaminants are above "DEC TAGM [Technical and Administrative Guidance Memorandum] guidelines," or that detected metals in the groundwater "exceeded drinking water standards" and in the soil "were above NYSDEC recommended soil cleanup limits," he does not relate the significance or relationship of those standards to potential health risks. His failure to do so renders insufficient plaintiffs' opposition to the remainder of defendant's motion because "standards promulgated by regulatory agencies as protective measures are inadequate to demonstrate legal causation" (*Parker v Mobil Oil Corp.*, 7 NY3d 434, 450 [2006], *rearg denied* 8 NY3d 828 [2007]). Additionally, it is immaterial that certain metals detected in the groundwater samples taken from plaintiffs' properties exceeded drinking water standards because it was undisputed that none of the plaintiffs used groundwater or well water for drinking purposes or, indeed, for any other purpose.

We further conclude that plaintiffs failed to raise an issue of fact by submitting the affidavit of plaintiff's medical expert, submitted in support of plaintiffs' contention that the child's migraine headaches were caused by "exposures to various chemicals and heavy metals found on the property and in the home of [the child's] parents." It is well established that "an opinion on causation should set forth a [person's] exposure to a toxin, that the toxin is capable of causing the particular illness (general causation) and that [the person] was exposed to sufficient levels of the toxin to cause the illness (specific causation)" (*id.* at 448). Here, the affidavit of plaintiffs' expert fails to set forth the levels of the toxins detected on the property of the child's parents that were necessary either to cause migraine headaches or to constitute a health risk, nor does it estimate the child's exposure or plaintiffs' levels of exposure in general. In addition, the expert's affidavit did not refer to any study establishing that the child was exposed to sufficient levels of the various contaminants to cause migraine-like headaches or that the level of exposure to such contaminants rendered plaintiffs' continued habitation on the properties a risk to plaintiffs' health. In sum, the conclusory assertion of plaintiffs' expert that an unquantified exposure to certain toxins caused the child's migraine headaches is insufficient to raise a triable issue of fact with respect to causation (*see Nawrocki v Coastal Corp.*, 45 AD3d 1341 [2007]; *Edelson v Placeway Constr. Corp.*, 33 AD3d 844, 845 [2006]; *see generally Parker*, 7 NY3d at 448-449). Present—Hurlbutt, J.P., Lunn, Fahey and Pine, JJ.