■ MARY ANN DiDOMENICO et al., Respondents-Appellants, v LONG BEACH PLAZA CORP. et al., Appellants-Respondents, and MICHAEL PERLSON, Respondent, et al., Defendants. [875 NYS2d 136]—

In an action, inter alia, to recover damages for personal injuries and for property damage, (1) the defendants Long Beach Plaza Corp., Waldbaum, Inc., and Great Atlantic & Pacific Tea Company, Inc., appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Jonas, J.), dated October 30, 2006, as denied those branches of their motion which were for summary judgment dismissing the second, fourth, and fifth causes of action insofar as asserted against them, and so much of the eighth cause of action as sought to recover compensatory damages against them, and denied that branch of their motion which was for summary judgment on their counterclaim to recover unpaid rent, (2) the defendant Delta Cleaners, Inc., separately appeals, as limited by its brief, from so much of the same order as denied that branch of its motion, made jointly with the defendant Michael Perlson, which was for summary judgment dismissing the complaint insofar as asserted against it, and the plaintiffs cross-appeal, as limited by their brief, from so much of the same order as granted those branches of the motion of the defendants Long Beach Plaza Corp., Waldbaum, Inc., and Great Atlantic & Pacific Tea Company, Inc., which were for summary judgment dismissing the seventh cause of action and the demand for punitive damages against them in connection with the eighth cause of action, and denied their cross motion pursuant to CPLR 3215 (c) to dismiss the counterclaim to recover unpaid rent.

Ordered that the appeal by the defendants Long Beach Plaza Corp., Waldbaum, Inc., and Great Atlantic & Pacific Tea Company, Inc., from so much of the order as denied that branch of their motion which was for summary judgment dismissing so much of the eighth cause of action as sought to recover compensatory damages against them is dismissed, as that por-

tion of the order was superseded by so much of a subsequent order of the same court entered June 21, 2007, as, upon renewal, granted that relief (*see DiDomenico v Long Beach Plaza Corp.*, 60 AD3d 618 [2009] [decided herewith]); and is further,

Ordered that the appeal by the defendants Long Beach Plaza Corp., Waldbaum, Inc., and Great Atlantic & Pacific Tea Company, Inc., from so much of the order as denied those branches of their motion which were for summary judgment dismissing the second, fourth, and fifth causes of action insofar as asserted against them is dismissed, as those portions of the order were superseded by so much of the order entered June 21, 2007, as was made upon reargument (*see DiDomenico v Long Beach Plaza Corp.*, 60 AD3d 618 [2009] [decided herewith]); and it is further,

Ordered that the appeal by the defendant Delta Cleaners, Inc., from so much of the order as denied that branch of its motion, made jointly with the defendant Michael Perlson, which was for summary judgment dismissing so much of the eighth cause of action as sought compensatory damages against it is dismissed, as that portion of the order was superseded by so much of the order entered June 21, 2007, made upon renewal, as granted that relief (*see DiDomenico v Long Beach Plaza Corp.*, 60 AD3d 618 [2009] [decided herewith]); and it is further,

Ordered that the appeal by the defendant Delta Cleaners, Inc., from so much of the order as denied those branches of its motion, made jointly with the defendant Michael Perlson, which were for summary judgment dismissing the second, fourth, and fifth causes of action insofar as asserted against it is dismissed, as those portions of the order were superseded by so much of the order entered June 21, 2007, as was made upon reargument (*see DiDomenico v Long Beach Plaza Corp.*, 60 AD3d 618 [2009] [decided herewith]); and it is further,

Ordered that the cross appeal by the plaintiffs from so much of the order as granted that branch of the motion of the defendants Long Beach Plaza Corp., Waldbaum, Inc., and Great Atlantic & Pacific Tea Company, Inc., which was for summary judgment dismissing the demand for punitive damages against them in connection with the eighth cause of action is dismissed, as that portion of the order was superseded by so much of the order entered June 21, 2007, as was made upon reargument (*see DiDomenico v Long Beach Plaza Corp.*, 60 AD3d 618 [2009] [decided herewith]); and it is further,

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion the defendants Long Beach Plaza Corp., Waldbaum, Inc., and Great

Atlantic & Pacific Tea Company, Inc., which was for summary judgment on their counterclaim to recover unpaid rent and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the defendants Long Beach Plaza Corp., Waldbaum, Inc., and Great Atlantic & Pacific Tea Company, Inc., payable by the plaintiffs.

The plaintiff Mary Ann DiDomenico is the president of the closely held corporate plaintiff, Swirl Girls, Inc. (hereinafter Swirl Girls). In November 2000 Swirl Girls purchased a Carvel ice cream franchise and leased commercial property in a shopping center located in Long Beach, Nassau County, and owned and operated by the defendants Long Beach Plaza Corp., Waldbaum, Inc., and Great Atlantic & Pacific Tea Company, Inc. (hereinafter collectively the Long Beach defendants). In February 2003 the plaintiffs commenced the instant action alleging, among other things, that contamination of the leased property caused them to sustain property damage and personal injuries. According to the plaintiffs, the defendant Delta Cleaners, Inc. (hereinafter Delta), which owned a dry cleaning business next to their place of operation, was responsible for the release of perchloroethylene, a chemical also known as tetrachloroethylene or tetrachloroethene (hereinafter perc), and that the Long Beach defendants were aware of the contamination and failed to prevent the perc from migrating onto their leased property.

The provisions of the Supreme Court's order dated October 30, 2006, which denied those branches of the respective motions of the Long Beach defendants and Delta which were for summary judgment dismissing so much of the eighth cause of action as sought compensatory damages against them have been superseded by so much of a subsequent order entered June 21, 2007, made upon renewal, awarding summary judgment dismissing so much of the eighth cause of action as sought compensatory damages against those defendants. Therefore, the appeals by the Long Beach defendants and Delta from those portions of the order dated October 30, 2006, must be dismissed (*see Netjets, Inc. v Signature Flight Support, Inc.*, 43 AD3d 1014, 1015-1016 [2007]; *Paradise Point Assn., Inc. v Zupa*, 22 AD3d 818, 819 [2005]).

The Supreme Court properly granted that branch of the motion of the Long Beach defendants which was for summary judgment dismissing the seventh cause of action, which sought to recover damages against them for fraud. Those defendants established their prima facie entitlement to judgment as a mat-

ter of law in this regard by submitting evidence demonstrating that no misrepresentations were made to the plaintiffs about the condition of the leased premises, and that their actions were not fraudulent. In opposition, the plaintiffs failed to raise a triable issue of fact as to whether the defendants actively concealed the perc contamination or thwarted the plaintiffs' efforts to discover the existence of the contamination (*see Matos v Crimmins*, 40 AD3d 1053, 1054-1055 [2007]; *Venezia v Coldwell Banker Sammis Realty*, 270 AD2d 480, 481-482 [2000]).

Additionally, the Long Beach defendants established their prima facie entitlement to judgment as a matter of law on the counterclaim for unpaid rent by submitting, inter alia, an affidavit and the rent detail for Swirl Girls demonstrating the amount of unpaid rent from March 1, 2002, through February 1, 2004, the existence of a lease and assignment of lease to the plaintiffs, the initiation of eviction proceedings, and the plaintiffs' failure to reply to the counterclaim. In opposition, the plaintiffs failed to raise a triable issue of fact. Consequently, and in light of our determination in *DiDomenico v Long Beach Plaza Corp.* (60 AD3d 618 [2009] [decided herewith]), that branch of the motion of the Long Beach defendants which was for summary judgment on the counterclaim for unpaid rent should have been granted.

The plaintiffs' remaining contentions are without merit. Mastro, J.P., Rivera, Covello and Leventhal, JJ., concur.