■ MARY ANN DIDOMENICO et al., Respondents-Appellants, v LONG BEACH PLAZA CORP. et al., Appellants-Respondents, and MICHAEL PERLSON, Respondent, et al., Defendants. [875 NYS2d 133]—

In an action, inter alia, to recover damages for personal injuries and property damage, (1) the defendants Long Beach Plaza Corp., Waldbaum, Inc., and Great Atlantic & Pacific Tea Company, Inc., appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Cozzens, J.), entered June 21, 2007, as, upon reargument, adhered to so much of a determination in a prior order of the same court dated October 30, 2006, as denied those branches of their motion which were for summary judgment dismissing the second, fourth, and fifth causes of action insofar as asserted against them; (2) the defendant Delta Cleaners, Inc., separately appeals, as limited by its notice of appeal and brief, from so much of the

same order, as, upon reargument, adhered to so much of the original determination as denied those branches of its motion, made jointly with the defendant Michael Perlson, which were for summary judgment dismissing the second, fourth, and fifth causes of action insofar as asserted against it; and the plaintiffs cross-appeal, as limited by their brief, from so much of the same order, as, upon reargument, adhered to so much of the original determination as dismissed the demand for punitive damages in connection with the eighth cause of action, and from so much of the order as, upon renewal, granted those branches of the separate motions of the defendants Long Beach Plaza Corp., Waldbaum, Inc., and Great Atlantic & Pacific Tea Company, Inc., which were for summary judgment dismissing so much of the eighth cause of action as sought to recover compensatory damages against them and the defendants Delta Cleaners Inc., and Michael Perlson which were for summary judgment dismissing so much of eighth cause of action as sought to recover compensatory damages against Delta Cleaners, Inc.

Ordered that the order is modified, on the law, (1) by deleting the provision thereof denying those branches of the motion of the defendants Long Beach Plaza Corp., Waldbaum, Inc., and Great Atlantic & Pacific Tea Company, Inc., which were for summary judgment dismissing the second, fourth, and fifth causes of action insofar as asserted against them and substituting therefor a provision granting those branches of the motion, and (2) by deleting the provision thereof denying those branches of the motion of the defendants Delta Cleaners, Inc., and Michael Perlson which were for summary judgment dismissing the second, fourth, and fifth causes of action insofar as asserted against Delta Cleaners, Inc., and substituting therefor a provision granting those branches of the motion; as so modified, the order is affirmed, with one bill of costs payable to the appellants-respondents appearing separately and filing separate briefs.

The facts are set forth in our decision on the companion appeal (see *DiDomenico v Long Beach Plaza Corp.*, 60 AD3d 615 [2009] [decided herewith]).

In support of their respective motions for summary judgment dismissing the second, fourth, and fifth causes of action alleging private nuisance, negligence, and trespass insofar as asserted against them, the defendants Long Beach Plaza Corp., Waldbaum, Inc., and Great Atlantic & Pacific Tea Company, Inc. (hereinafter the Long Beach defendants), and the defendant Delta Cleaners, Inc. (hereinafter Delta), submitted prima facie evidence that the discharge of perchchloroethylene (hereinafter perc) was not a proximate or substantial cause of the plaintiffs'

business losses (*see generally Pironti v Leary,* 42 AD3d 487, 490 [2007]; *Bruce v College Props., Inc.,* 10 AD3d 538, 539 [2004]; *Enrichment Enters. v Jempris Realty Corp.,* 272 AD2d 432, 433 [2000]; *Ithaca Mem. Ch. No. 147, Disabled Am. Veterans v First Natl. Bank & Trust Co.,* 96 AD2d 667 [1983]). In opposition to the motions, the plaintiffs failed to raise a triable issue of fact. Consequently, those branches of the respective motions which were for summary judgment dismissing the second, fourth, and fifth causes of action insofar as asserted against the Long Beach defendants and Delta alleging private nuisance, negligence, and trespass should have been granted.

Contrary to the plaintiffs' contentions, the Supreme Court properly granted those branches of the respective motions which were for summary judgment dismissing the eighth cause of action seeking to recover damages for the plaintiff Mary Ann DiDomenico's personal injuries. In support of their respective motions, the movants established their prima facie entitlement to judgment as a matter of law through their medical experts' affidavits attesting that the plaintiff Mary Ann DiDomenico's exposure to perc did not cause her medical condition and symptoms. In opposition, the plaintiffs failed to raise a triable issue of fact, as the plaintiffs' expert merely offered unsubstantiated and speculative opinions that the plaintiff Mary Ann DiDomenico's medical condition and symptoms were caused by perc exposure (*see Parker v Mobil Oil Corp.,* 7 NY3d 434, 448-449 [2006]; *Hellert v Town of Hamburg,* 50 AD3d 1481, 1483 [2008]; *Nawrocki v Coastal Corp.,* 45 AD3d 1341, 1342 [2007]; *Edelson v Placeway Constr. Corp.,* 33 AD3d 844, 845 [2006]).

Additionally, the plaintiffs' demand for punitive damages in connection with the eighth cause of action was properly dismissed. The conduct alleged by the plaintiffs did not demonstrate a malicious intent or a high degree of moral culpability, was not so flagrant as to transcend mere carelessness, and did not constitute willful or wanton negligence or recklessness (*see Shovak v Long Is. Commercial Bank,* 50 AD3d 1118, 1121 [2008]; *Colombini v Westchester County Healthcare Corp.,* 24 AD3d 712, 715-716 [2005]).

The plaintiffs' remaining contentions are without merit. Mastro, J.P., Rivera, Covello and Leventhal, JJ., concur.