■ LYNN ESKENAZI et al., Respondents, v ROBERT E. MAC-KOUL et al., Appellants. [— NYS2d —]—

In an action, inter alia, to recover damages for personal injuries and injury to property, the defendants Robert E. Mackoul, Deborah K. Mackoul, and Hanover Insurance Group appeal, as limited by their brief, and the defendant One Beacon Insurance Company separately appeals, as limited by its brief and a letter dated November 2, 2009, from so much of an order of the Supreme Court, Nassau County (Phelan, J.), dated December 11, 2008, as denied those branches of their respective cross motions which were for summary judgment dismissing so much of the complaint as sought to recover damages for personal injuries on a theory of common-law negligence, and which were, in effect, for partial summary judgment limiting the plaintiffs' recovery on so much of the complaint as sought to recover damages for injury to property for failure to mitigate damages insofar as asserted against each of them.

Ordered that the order is modified, on the law, by deleting the provision thereof denying those branches of defendants' respective cross motions which were for summary judgment dismissing so much of the complaint as sought to recover damages for personal injuries on a theory of common-law negligence insofar as asserted against each of them, and substituting therefor a provision granting those branches of the defendants' respective cross motions; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiffs commenced this action against the defendants Robert E. Mackoul and Deborah K. Mackoul, and their insurance carriers (hereinafter collectively the defendants), inter alia, to recover damages for personal injuries and injury to property allegedly caused by the leaking of petroleum from an underground storage tank located on the Mackouls' property. In the order appealed from, the Supreme Court, among other things, denied those branches of the defendants' respective cross motions which were for summary judgment dismissing so much of the complaint as sought to recover damages for personal injuries on a theory of common-law negligence, and further denied those branches of the defendants' respective cross motions which were, in effect, for partial summary judgment limiting the plaintiffs' recovery on so much of the complaint as sought to recover damages for injury to property for failure to mitigate damages.

While the Supreme Court properly concluded that the defendants established their prima facie entitlement to judgment as a matter of law dismissing so much of the complaint as sought to recover damages for personal injuries on a theory of common-law negligence by submitting affidavits of medical experts attesting that the plaintiffs' alleged exposure to petroleum and petroleum vapors did not cause their medical conditions and symptoms (see *McGrath v Transitional Servs. of N.Y. for Long Is., Inc.*, 63 AD3d 1121 [2009]; *DiDomenico v Long Beach Plaza Corp.*, 60 AD3d 618, 620 [2009]), the Supreme Court erred in concluding that the evidence submitted by the plaintiffs in opposition was sufficient to raise a triable issue of fact (see generally *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). The plaintiffs proffered certain information obtained from the New York State Department of Health Web site on the topic of residential oil spills and flooding. This general information was insufficient to raise a triable issue of fact as to whether the plaintiffs' alleged personal injuries were proximately caused by exposure to the petroleum levels found on their land as a result of the leaking storage tank (see *Parker v Mobil Oil Corp.*, 7

NY3d 434, 448-450 [2006]; *McGrath v Transitional Servs. of N.Y. for Long Is., Inc.*, 63 AD3d at 1121-1122; *DiDomenico v Long Beach Plaza Corp.*, 60 AD3d at 620; *Hellert v Town of Hamburg*, 50 AD3d 1481, 1482-1483 [2008]; *Nawrocki v Coastal Corp.*, 45 AD3d 1341, 1342 [2007]). Accordingly, the Supreme Court erred in denying those branches of the defendants' respective cross motions which were for summary judgment dismissing so much of the complaint as sought to recover damages for personal injuries on a theory of common-law negligence.

The Supreme Court properly denied those branches of the defendants' respective motions which were, in effect, for partial summary judgment limiting the plaintiffs' recovery on their causes of action to recover damages for injury to property for failure to mitigate damages. A party seeking to avail itself of the affirmative defense of failure to mitigate damages must establish that the injured party failed to make diligent efforts to mitigate its damages, and the extent to which such efforts would have diminished those damages (*see Cornell v T.V. Dev. Corp.*, 17 NY2d 69, 74 [1966]; *LaSalle Bank N.A. v Nomura Asset Capital Corp.*, 47 AD3d 103, 107-108 [2007]; *Hawkins v City of New York*, 99 AD2d 481 [1984]; *Bornstein v Neuman*, 92 AD2d 578 [1983]). While the injured party must make "reasonable exertions to render the injury as light as possible" (*Wilmot v State of New York*, 32 NY2d 164, 168 [1973] [internal quotation marks omitted]), this duty does not extend so far as to require that the party expose itself to "*unreasonable risk or expense*" (*Janowitz Bros. Venture v 25-30 120th St. Queens Corp.*, 75 AD2d 203, 213 [1980]). Here, the defendants failed to meet their burden of demonstrating, prima facie, a lack of diligent effort to mitigate damages on the part of the plaintiffs, or to what extent such efforts would have diminished damages (*see Cornell v T.V. Dev. Corp.*, 17 NY2d at 74; *American Capital Access Serv. Corp. v Muessel*, 28 AD3d 395, 396 [2006]). Covello, J.P., Florio, Miller and Eng, JJ., concur.