■ MARY S. ZUPA, Appellant, v PATRICK KEITT et al., Respondents. [927 NYS2d 787]—

In an action, inter alia, for a permanent injunction, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Weber, J.), dated January 21, 2010, which, upon a judgment of the same court (Catterson, J.), dated October 27, 2004, among other things, declaring that the defendant Paradise Point Association has a valid prescriptive easement over and across a private roadway on certain premises owned by the plaintiff, upon an order of the same court (Weber, J.), dated September 19, 2008, referring the issue of the delineation of a "metes and bounds" description of the prescriptive easement to a referee to hear and report, and upon a decision of the same court dated December 3, 2009, (1) granted the defendants' motion to confirm a referee's report (Snellenburg II, J.H.O.), dated September 4, 2009, which, after a hearing, recommended a delineation of a "metes and bounds" description of the defend-

ants' prescriptive easement over the plaintiff's real property, in accordance with the judgment, (2) directed her to remove obstructions from the portion of her real property over which the defendants have a prescriptive easement, (3) directed her to restore the roadway therein to the condition as it existed on February 4, 2004, and (4) directed that she be taxed for the full cost of the Referee's fee.

Ordered that the order is affirmed, with costs.

In a judgment dated October 27, 2004, the Supreme Court determined, in pertinent part, that the defendant Paradise Point Association (hereinafter the Association) had a valid prescriptive easement over and across the private roadway on certain premises owned by Mary Zupa, "running from the western terminus of Basin Road in a general northwesterly direction to [the Association's] deeded easement area and to the jetty located at the end of the deeded easement area which protrudes into Southold Bay." The judgment did not contain a metes and bounds description of the subject easement. The judgment further directed Zupa to "remove the fence blocking the entrance to that private roadway," and enjoined Zupa "from interfering with [the Association's] prescriptive easement rights in the private roadway in issue." This Court affirmed the judgment (*Paradise Point Assn., Inc. v Zupa*, 22 AD3d 818 [2005]).

In the instant action commenced by Zupa against the Association, among others, Zupa seeks, inter alia, injunctive and declaratory relief relating to the precise location and use of the prescriptive easement. The Supreme Court appointed Judicial Hearing Officer Joseph J. Snellenburg II, as Referee to hear and report to it the metes and bounds description of the prescriptive easement. The Supreme Court further directed that if the Referee recommended that if one party's metes and bounds description of the subject easement was correct, the adverse party would be solely responsible for the Referee's fees.

During the subsequent hearing before the Referee, the Association submitted the same survey that it had submitted into evidence at the nonjury trial that led to the 2004 judgment, except that the survey now contained a metes and bounds description of the boundary of the prescriptive easement. Zupa submitted a survey that differed from the survey she had submitted at the prior nonjury trial, insofar as her surveyor had eliminated, at her request, part of the private roadway and one of the turnarounds. Zupa's surveyor testified at the hearing that those features had been present on the subject premises when the 2004 judgment was rendered. At the conclusion of the hearing, the Referee issued a report accepting the defendants'

metes and bounds description of the prescriptive easement as accurately reflecting the intention of the Supreme Court in rendering the 2004 judgment.

In the order appealed from, the Supreme Court, inter alia, confirmed the Referee's report in all respects, set forth the metes and bounds description of the Association's prescriptive easement over and across Zupa's premises as depicted on the survey submitted into evidence by the Association at the hearing, directed Zupa to remove all plantings, piles of sand, fences, and other obstructions in the private roadway over which the Association has a prescriptive easement, directed Zupa to restore the private roadway to its condition at the time of the Association's survey in 2004, and directed that the Referee's fees be taxed as a cost against Zupa. Zupa appeals, and we affirm.

Contrary to Zupa's contention, the findings of the Referee's report are substantially supported by the record and, therefore, the Supreme Court properly confirmed the report (*see Capili v Ilagan*, 26 AD3d 354 [2006]; *Pittoni v Boland*, 278 AD2d 396 [2000]; *Stone v Stone*, 229 AD2d 388 [1996]).

Zupa's remaining contentions are without merit. Mastro, J.P., Belen, Chambers and Roman, JJ., concur.