ASSOULINE RITZ1 LLC et al., Respondents, v EDWARD I. MILLS & ASSOCIATES, ARCHITECTS, PC, et al., Appellants. [937 NYS2d 11]—

Plaintiffs retained defendant Edward I. Mills & Associates, Architects, PC (collectively with the two individual defendants, EIM), an architectural firm, as a zoning consultant in connection with their contemplated purchase and improvement of property in Tribeca. In August 2004, plaintiffs entered into an agreement to purchase the five-story building that was then located at 16 Warren Street (16 Warren) for $5 million. Plaintiffs agreed to acquire this property with the intention of conducting a gut renovation, constructing six additional floors, and converting the resulting 11-story building to luxury condominiums for resale. Plaintiffs formulated this plan in reliance on EIM's advice that the applicable zoning laws permitted the addition of six new floors to 16 Warren. According to the principal of one of the two plaintiffs, "[b]ut for [EIM's] assurances that we could add six stories to this building as of right, we would not have entered into a contract to purchase this property."

After plaintiffs' purchase of 16 Warren closed in December 2004, the New York City Department of Buildings objected to the planned renovation on the ground that (as EIM concedes) the City's Zoning Resolution in fact did not permit the addition of six floors to the existing building. After learning of the zoning problem in or about March 2005, plaintiffs sought to purchase the air rights of adjoining properties, which would have enabled them to proceed with the plan. By June 2005, however, it became clear that it would not be possible to purchase the necessary air rights, and plaintiffs decided to go forward with a new plan, consistent with the Zoning Resolution, to demolish the existing five-story building completely and replace it with a new 11-story building.

In 2006, plaintiffs commenced this action against EIM. After discovery, EIM moved for summary judgment dismissing the complaint. For purposes of the motion, EIM did not dispute that an issue existed as to whether it had committed professional

malpractice, but argued, inter alia, that the malpractice, if any, had not proximately caused plaintiffs recoverable damages. EIM further argued that, even if there were evidence of damages, plaintiffs' failure to attempt to sell the property after learning of the zoning problem established as a matter of law that they had not taken reasonable steps to mitigate the loss. The court denied the motion as to the cause of action for professional malpractice, the only claim at issue on this appeal by EIM. We affirm.

Plaintiffs will be entitled to recover expenses they prove that they actually incurred as a proximate result of their reliance on EIM's mistaken advice in purchasing 16 Warren (see Barnett v Schwartz, 47 AD3d 197, 207-208 [2007] [clients who proved the negligence of their attorneys in negotiating and closing a lease and purchase option agreement were entitled to recover from the attorneys "rent payments on property completely unsuitable for its intended use" that the clients would not have incurred "but for the (attorneys') negligence"]).[1] Plaintiffs' right of recovery is subject to reduction, however, insofar as EIM proves (1) that plaintiffs failed to make reasonably diligent efforts to mitigate their damages and (2) the extent to which such efforts would have diminished the loss (see Wilmot v State of New York, 32 NY2d 164, 168-169 [1973]; Eskenazi v Mackoul, 72 AD3d 1012, 1014 [2010]; LaSalle Bank N.A. v Nomura Asset Capital Corp., 47 AD3d 103, 107 [2007]; Prudential Ins. Co. of Am. v Dewey, Ballantine, Bushby, Palmer & Wood, 170 AD2d 108, 115 [1991], affd on other grounds 80 NY2d 377 [1992], citing Den Norske Ameriekalinje Actiesselskabet v Sun Print. & Publ. Assn., 226 NY 1, 7 [1919]).

From the foregoing, it emerges that plaintiffs will be entitled to recover the cost of purchasing and owning 16 Warren through the time they learned that EIM's zoning advice had been erroneous and thereafter until sufficient time had passed for them to sell the property to mitigate their damages, less the net amount they would have realized in such a sale. At trial, it will be plaintiffs' burden to prove the costs they incurred in purchasing and owning the property, and it will be EIM's burden to prove the amount that would have been realized in a resale of

---

1. In an order preceding the one appealed from, the court dismissed the portion of the complaint seeking to recover profits that would have been realized had plaintiffs been able to implement their original plan to add six floors to the existing building. The order dismissing the lost profits claim is not under review on this appeal.

the property after the zoning problem was revealed.[2] Contrary to EIM's argument, plaintiffs' failure to resell the property in mitigation of their damages does not bar them from any recovery, it simply reduces the amount of their recovery.

Plaintiffs apparently take the position that they are entitled to recover all costs incurred in pursuing the alternative plan they chose for developing 16 Warren (total demolition of the existing structure and construction of a new luxury building) after they learned that their original plan (gut renovation and addition of six floors) was barred by the Zoning Resolution. For example, in an interrogatory response, plaintiffs averred that their damages as of September 30, 2009, were $14,826,632.28, a figure that apparently included all costs of acquiring, owning, and redeveloping the property through that date.[3] However, plaintiffs' decision to continue to hold the property and to pursue an alternative plan for redeveloping it cannot be deemed an attempt to mitigate the damages caused by EIM's negligence. Rather, this course of action represents an attempt to realize the anticipated benefit of the original plan through other means. The expenses plaintiffs voluntarily incurred in continuing to pursue redevelopment after they learned of EIM's error cannot be deemed to have been proximately caused by EIM's negligence. Stated otherwise, EIM's malpractice did not render it liable to underwrite the cost of plaintiffs' decision to continue redeveloping the property after they learned that EIM's zoning advice had been mistaken. In giving that advice, EIM did not render itself an insurer of the project.

We do not fault plaintiffs for having chosen to continue to hold 16 Warren and to redevelop it after they learned that the original redevelopment plan formulated in reliance on EIM's advice could not be followed. However, EIM has no obligation to finance plaintiffs' continuation of the venture. In choosing to continue redeveloping 16 Warren after EIM's error came to light (and thereby nearly tripling their investment in the property), plaintiffs opted to risk additional funds on the possibility that the enterprise would ultimately be profitable rather than to treat their previous investment as damages to be mitigated by selling the property as soon as reasonably possible. While such a sale may well have entailed a significant loss—plaintiffs'

**2.** We reject EIM's contention that the record establishes as a matter of law that plaintiffs would have realized a profit if they had sold the property as soon as reasonably possible after learning of EIM's error.

**3.** It should also be noted that plaintiffs would have incurred a substantial portion of these expenses under the original plan if EIM's zoning advice had been correct.

expert estimates that a sale of the property in 2005 would have resulted in a loss of about $1.66 million—that is the loss that plaintiffs are entitled to recover from EIM.

We have considered EIM's remaining argument for reversal and find it unavailing. Concur—Andrias, J.P., Friedman, Renwick, DeGrasse and Abdus-Salaam, JJ. **[Prior Case History: 2011 NY Slip Op 30556(U).]**