■ LILLIAN BRUCE, Respondent, v COLLEGE PROPERTIES, INC., Appellant, et al., Defendants. [782 NYS2d 61]—

Order, Supreme Court, New York County (Carol H. Arber, J.), entered on or about July 9, 1996, which denied so much of defendant-appellant's motion for summary judgment as sought dismissal of plaintiff's sixth, seventh, eighth and ninth causes of action, unanimously modified, on the law, to grant the motion with respect to the sixth, eighth and ninth causes of action, and otherwise affirmed, without costs.

Plaintiff does not contest herein the dismissal of the cause of action for breach of quiet enjoyment, conceding counsel's acknowledgment of its lack of merit at oral argument.

The cause of action for harassment should also have been dismissed, even if denominated as one for retaliation (Real Property Law § 223-b), as having run afoul of the one-year statute of limitations (CPLR 215 [3], [7]; *see Havell v Islam,* 292 AD2d 210 [2002]; *Gallagher v Directors Guild of Am.,* 144 AD2d 261 [1988], *lv denied* 73 NY2d 708 [1989]). Plaintiff's argument that the statute was tolled by CPLR 203 (e) is unpersuasive because the substantive issues of the prior (1986) proceeding were discontinued in April 1988 and plaintiff did not commence the instant action until about November 1989. Additionally,

plaintiff's counterclaim for harassment in that holdover proceeding was dismissed on December 31, 1986. Thus, the sole remaining allegation of harassment that is not negated by the statute of limitations is a 1989 nonpayment proceeding, which plaintiff claims was initiated as retaliation against her. However, that proceeding ended with a stipulation by which plaintiff tenant paid defendant landlord an amount representing a portion of the alleged unpaid rent. Thus, that proceeding was not devoid of merit and plaintiff's claim must fail (*see Walentas v Johnes*, 257 AD2d 352 [1999], *lv dismissed* 93 NY2d 958 [1999]).

The cause of action for negligent maintenance and personal injury should have been dismissed because plaintiff has failed to raise a triable issue of fact as to the proximate cause of her alleged injuries. She claims injury on two separate occasions: once when she allegedly passed out in her apartment, fell and hurt her leg, and once when she began vomiting and suffered pain in her left kidney area. She attributes these injuries to noxious gases in her apartment. However, hospital records contradict her version of both events. She also admitted at deposition that she never told anyone, including hospital personnel or the landlord, about any gas in her apartment, and did not know what caused her to pass out. Essentially, she attributes these injuries to conditions of the apartment based on pure, unsupported speculation (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

The court properly denied so much of defendant's motion as sought to dismiss the cause of action for breach of warranty of habitability. This claim is not precluded by the settlement in the 1986 holdover proceeding, inasmuch as plaintiff expressly preserved her right to bring a separate action with respect to "other claims." We reject defendant's interpretation of this language as allowing only other claims based on entirely different facts, because such a completely different claim would not be precluded even without a reservation of such rights. We also find that plaintiff has pleaded sufficient facts, with personal knowledge, regarding the condition of the apartment, to raise triable issues of fact as to its habitability on specific occasions. Concur—Buckley, P.J., Lerner, Friedman, Sweeny and Catterson, JJ.