Order, Supreme Court, New York County (Paul G. Feinman, J.), entered on or about July 10, 2012, which, after a hearing, set interim use and occupancy for defendants’ loft unit at $3,600 per month, retroactive to May 1, 2008, unanimously modified, on the facts, to set monthly interim use and occupancy at $4,773.25, and otherwise affirmed, without costs.
The hearing court properly found that plaintiff landlord’s evidence of fair market value of the premises was unreliable. The court did not exceed the scope of this Court’s remand (see Mushlam, Inc. v Nazor, 80 AD3d 471 [1st Dept 2011]) or improperly conclude that defendant tenants’ premises were occupied residentiary. The hearing court implicitly made such a finding in an unappealed December 2010 order, and the landlord’s counsel admitted that the premises were being occupied residentially in an affirmation on a prior motion (see Matter of Union Indem. Ins. Co. of N.Y., 89 NY2d 94, 103 [1996]). However, upon our own review of the record {see Baba-Ali v State of New York, 19 NY3d 627, 640 [2012]), we find that, upon rejecting the evidence proffered by both sides, the hearing court should have awarded the amount that the tenants conceded they had been paying and which they requested in their answer, rather than the rent reserved in the 1993 lease, which in this instance is of limited probative value. As the hearing court recognized, the award of use and occupancy is only pendente lite, and the remedy for any over or underpayment is a speedy trial (see Andejo Corp. v South St. Seaport Ltd. Partnership, 35 AD3d 174 [1st Dept 2006]).
We have considered the landlord’s other contentions and find them unavailing. Concur — Gonzalez, P.J., Tom, Richter and Abdus-Salaam, JJ.