Gap, Inc. v 44-45 Broadway Leasing Co., LLC (2021 NY Slip Op 01019)





Gap, Inc. v 44-45 Broadway Leasing Co., LLC


2021 NY Slip Op 01019


Decided on February 16, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 16, 2021

Before: Gische, J.P., Moulton, González, Scarpulla, JJ. 


Index No. 652549/20 Appeal No. 13134N Case No. . 2020-03361 

[*1]The Gap, Inc.,et al., Plaintiffs-Respondents,
v
44-45 Broadway Leasing Co., LLC, Defendant-Appellant. 


Rosenberg & Estis, P.C., New York (Warren A. Estis of counsel), for appellant.
Davis & Gilbert LLP, New York (Joshua H. Epstein of counsel), for respondents.



Order, Supreme Court, New York County (Debra A. James, J.), entered July 22, 2020, which granted plaintiffs' motion for a Yellowstone injunction, conditioned on the posting of an undertaking, unanimously modified, on the law, to provide that pending the termination of the Yellowstone injunction ongoing future use and occupancy shall be paid to defendant, and otherwise affirmed, without costs.
Plaintiffs demonstrated their entitlement to a Yellowstone injunction because each respectively showed that "(1) it holds a commercial lease; (2) it received from the landlord . . . a notice of default . . . ; (3) it requested injunctive relief prior to the termination of the lease; and (4) it is prepared and maintains the ability to cure the alleged default by any means short of vacating the premises" (Graubard Mollen Horowitz Pomeranz & Shapiro v 600 Third Ave. Assoc., 93 NY2d 508, 514 [1999] [internal quotation marks omitted]). Contrary to defendant's contention, plaintiffs may plead in the alternative that the leases were terminated without abandoning their request for Yellowstone relief, as they asserted that if found in default, they were ready, willing, and able to cure, and the purpose of a Yellowstone injunction is to preserve the status quo, not to resolve the underlying merits of the parties' dispute (CPLR 3014; Bliss World LLC v 10 W. 57th St. Realty LLC, 170 AD3d 401, 402 [1st Dept 2019]).
We disagree with defendant that the motion court abused its discretion in setting use and occupancy at a rate of approximately 90% of the lease rates. "[T]he remedy for any over or underpayment [of use and occupancy] is a speedy trial" (Mushlam, Inc. v Nazor, 104 AD3d 483, 483 [1st Dept 2013]). We also find that the trial court did not abuse its discretion in directing that rental arrears be deposited with the clerk of the court while the parties resolve their dispute (Alphonse Hotel Corp. v 76 Corp., 273 AD2d 124, 124 [1st Dept 2000]; Real Property Actions and Proceedings Law § 745[2][a]). Because, however, plaintiff is continuing to use and occupy the premises as a retail business while the Yellowstone injunction is in place, the Court abused its discretion in failing to require that ongoing use and occupancy, at the temporarily reduced amount, be paid directly to defendant (see 61 West 62nd Owners Corp. v Harkness Apt. Owners Corp., 173 AD2d 372 [1st Dept 1991]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 16, 2021