Ballinteer Corp v SNRP W. 37 LLC (2023 NY Slip Op 03433)

Ballinteer Corp v SNRP W. 37 LLC

2023 NY Slip Op 03433

Decided on June 27, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 27, 2023

Before: Webber, J.P., Singh, Kennedy, Scarpulla, Pitt-Burke, JJ. 

Index No. 657147/21 Appeal No. 563 Case No. 2023-00564 

[*1]Ballinteer Corp, Plaintiff-Respondent,
v
SNRP West 37 LLC, Defendant-Appellant

Mark L. Lubelsky and Associates, New York (Thomas J. Sottile of counsel), for appellant.
James C. Berger, New York, for respondent.

Order, Supreme Court, New York County (Verna L. Saunders, J), entered October 31, 2022, which unconditionally granted plaintiff's motion for a Yellowstone injunction, unanimously affirmed, without costs.
The court providently exercised its discretion in determining that an undertaking was not necessary to protect defendant landlord's interests in light of plaintiff's showing that it invested a substantial amount in the premises and has a colorable defense regarding arrears and that it was unable to use the premises as a restaurant for an extended period during the pandemic (see WPA/Partners v Port Imperial Ferry Corp., 307 AD2d 234, 237 [1st Dept 2003]; Kuo Po Trading Co. v Tsung Tsin Assn., 273 AD2d 111, 111 [1st Dept 2000]). Notably, plaintiff submitted evidence that the premises were unavailable not only due to Executive Orders issued in response to the Covid-19 pandemic, but due to defendant's continued use of the premises as a storage facility, even after indoor dining resumed in October 2020, so that an issue of fact exists concerning whether plaintiff is liable for rental arrears, and if so, the amount.
Although the court may direct a tenant to remit use and occupancy as a condition to Yellowstone relief (Gap, Inc. v 44-45 Broadway Leasing Co., LLC, 191 AD3d 549, 550 [1st Dept 2021]; RPAPL 745 [2] [a]), it also retains broad discretion in awarding use and occupancy pendente lite (Alphonse Hotel Corp. v 76 Corp., 273 AD2d 124, 124 [1st Dept 2000]), and the "remedy for any over or underpayment [of use and occupancy] is a speedy trial" (Mushlam, Inc. v Nazor, 104 AD3d 483 [1st Dept 2013]). Here, plaintiff submitted evidence that defendant had deprived it of use of the premises by using it as a storage facility, and the record on appeal does not include any opposing evidence from defendant, although the order on appeal references an affidavit from defendant's managing member. Absent evidence that plaintiff has use of the premises, we cannot determine that the court improvidently exercised its discretion in declining to order ongoing rent or use and occupancy at this time. We note, however, that issuance of a Yellowstone injunction does not "relieve plaintiff of the necessity of complying" with the lease terms, including payment of rent and arrears, but only protects plaintiff from eviction (Graubard Mollen Horowitz Pomeranz & Shapiro v 600 Third Ave. Assoc., 93 NY2d 508, 515 [1999]).
Finally, plaintiff need not, as a prerequisite to the granting of a Yellowstone injunction, demonstrate a likelihood of success on the merits (Herzfeld & Stern v Ironwood Realty Corp., 102 AD2d 737, 738 [1st Dept 1984]). The focus is on maintaining the status quo in Yellowstone applications.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 27, 2023