UKI Freedom LLC v Organization for the Defense of Four Freedoms for Ukraine, Inc. (2025 NY Slip Op 02671)

UKI Freedom LLC v Organization for the Defense of Four Freedoms for Ukraine, Inc.

2025 NY Slip Op 02671

Decided on May 01, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 01, 2025

Before: Moulton, J.P., Friedman, Kapnick, Shulman, O'Neill Levy, JJ. 

Index No. 158095/22|Appeal No. 4263-4264|Case No. 2023-06566|

[*1]UKI Freedom LLC Doing Business as Brasserie Saint Marc, Plaintiff-Respondent,
v
Organization for the Defense of Four Freedoms for Ukraine, Inc., Defendant-Appellant, Greg Lebedowicz, et al., Counterclaim Defendants-Respondents.

Drobenko & Associates, P.C., Astoria (Walter Drobenko of counsel), for appellant.
Kucker Marino Winiarsky & Bittens LLP, New York (Daniel Gewirtz of counsel), for UKI Freedom LLC and Greg Lebedowicz, respondents.
Zeltser Law Group, PLLC, Brooklyn (Naomi Zeltser of counsel), for Esteban Kaczurak, respondent.

Order, Supreme Court, New York County (Robert R. Reed, J.) entered September 26, 2023, which, to the extent appealed from as limited by the briefs, granted the motions of counterclaim-defendants Greg Lebedowicz and Esteban Kaczurak to dismiss the seventh, eighth, and ninth counterclaims in defendant landlord's answer for breach of guaranty and attorneys' fees as against Lebedowicz and tortious interference with contract as against Kaczurak, unanimously affirmed, without costs. Order, same court and Justice, entered on or about October 30, 2023, which denied the landlord's motion for use and occupancy, unanimously affirmed, without costs.
Supreme Court properly dismissed the landlord's counterclaims against Lebedowicz for breach of guaranty and attorneys' fees because the 2017 assignment and assumption agreement unambiguously extinguished Lebedowicz's liability under the 2014 lease and guaranty. The terms of the 2017 assignment and assumption agreement reflect that the parties intended it to be a novation, which "assumes a previous valid obligation, extinguished by the terms of a valid new contract agreed to by the parties" (Citigifts, Inc. v Pechnik, 112 AD2d 832, 834 [1st Dept 1985], affd 67 NY2d 774 [1986]). Here, paragraph 3 of the 2017 assignment and assumption agreement unambiguously states that Lebedowicz, as assignor, and the landlord assigned "all of the Assignor's rights, guarantees, title and interest" in the lease and security deposit. Paragraph 4 states, as relevant here, that the assignee "assumes full responsibility for the Lease as if Assignee signed originally as Tenant." Paragraph 5 states in pertinent part that the agreement's terms "shall supersede the terms in the original lease." These provisions unequivocally reflect the parties' intent for the 2017 assignment and assumption agreement to supersede the terms of the original lease (see Northville Indus. Corp. v Fort Neck Oil Terms. Corp., 100 AD2d 865, 867 [2d Dept 1984], affd 64 NY2d 930 [1985]).
References to "[t]his lease" or "this [r]ider" rather than "this assignment" do not render the agreement or the parties' intent ambiguous (see Kasowitz, Benson, Torres & Friedman, LLP v Duane Reade, 98 AD3d 403, 406 [1st Dept 2012], affd 20 NY3d 1082 [2013]). The same is true for the reference to the "New Term: Ten (10) years," as Exhibit B to the assignment shows that the rent schedule was adjusted for the next 10 years, from 2018 through 2028, whereas the original lease expired in 2024.
We decline to reach the landlord's arguments, asserted for the first time in the reply brief, that its ninth counterclaim for tortious interference with contract against Kaczurak should not have been dismissed (see Mehmet v Add2Net, Inc., 66 AD3d 437, 438 [1st Dept 2009]). The landlord's failure to address the dismissal of the tortious interference counterclaim in its opening brief renders this branch of the landlord's appeal abandoned (see Madison Sullivan Partners LLC v PMG Sullivan St., LLC[*2], 173 AD3d 437, 438 [1st Dept 2019]).
The court also providently maintained the status quo by denying defendant's third motion for use and occupancy and vacatur of the Yellowstone injunction (see Medical Bldg. Assoc., Inc. v Abner Props. Co., 186 AD3d 407, 408 [1st Dept 2020]). Whether under CPLR 6314 or CPLR 2221(e)(2), the court providently determined that the landlord had not presented any change of circumstances or new evidence contradicting the court's initial finding that the parties' conduct was consistent with the 2018 lease modification (see e.g. Wellbilt Equip. Corp. v Red Eye Grill, 308 AD2d 411, 411 [1st Dept 2003]). Moreover, validity of the 2018 lease modification is a matter for the factfinder, and it is well settled that the remedy "for any over or underpayment of use and occupancy is a speedy trial" (Gap, Inc. v 44-45 Broadway Leasing Co., LLC, 191 AD3d 549, 550 [1st Dept 2021] [internal brackets omitted]).
We have considered defendant's remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 1, 2025