| |
|---|
| **Trummer Hospitality Holdings LLC v 287 PAS LLC** |
| 2025 NY Slip Op 31592(U) |
| May 2, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 157766/2024 |
| Judge: Kathleen Waterman-Marshall |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

| | | |
|---|---|---|
| **PRESENT:** | **HON. KATHLEEN WATERMAN-MARSHALL** | **PART** 31 |
| | *Justice* | |

-------------------------------------------------------------------------------X

TRUMMER HOSPITALITY HOLDINGS LLC,

                      Plaintiff,

               - v -

287 PAS LLC,XYZ CORP.

                    Defendant.

-------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 157766/2024 |
| **MOTION DATE** | 08/22/2024, 04/11/2025 |
| **MOTION SEQ. NO.** | 001 003 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 2, 12, 13, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 34, 35, 37, 38

were read on this motion to/for           PREL INJUNCTION/TEMP REST ORDR    .

The following e-filed documents, listed by NYSCEF document number (Motion 003) 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 86, 87, 88, 89

were read on this motion to/for        VACATE - DECISION/ORDER/JUDGMENT/AWARD.

Upon the foregoing documents and following on-the-record oral argument on April 29, 2025, the motion by plaintiff Trummer Hospitality Holdings LLC ("Trummer") for a stay of the August 20, 2024 Notice of Default served upon it by defendant-landlord 287 PAS, LLC ("287 PAS"), a *Yellowstone* injunction, or, in the alternative, a preliminary injunction pursuant to CPLR § 6301, is denied and the Temporary Restraining Order issued on August 26, 2024 by the court (Hon. Louis Nock) (NYSCEF Doc. No. 12) is vacated. Upon the same record, the motion by 287 PAS for an order, pursuant to CPLR § 6314, vacating the TRO and denying injunctive relief sought by Trummer, and for other relief, is denied as academic.

## Brief Background

The core issue on this motion is whether Trummer has the ability and desire to cure its default in paying rent by any means short of vacating the premises. On this record, Trummer lacks such ability and desire to cure.[1]

Trummer entered into a 10-year commercial lease with 287 PAS, beginning on or about February 4, 2021, for a portion of the ground floor and lower level of the commercial building located at 287 Park Avenue South in Manhattan ("the Lease"). Trummer operates a high-end cocktail lounge (or bar) in the leased Space, which is situated next to and below another tenant of the building, a restaurant named Hawksmoor.

---

[1] One of the core issues in this action, and tangentially on this motion, is whether the commercial lease between Trummer and 287 PAS permits Trummer to withhold rent for a leak condition – it does not.

[* 1]

Article 1, Section 1.03 of the Lease requires rent (starting at $25,000 per month, and increasing each year of the lease term) to be paid on the first of the month. Article 16 of the Lease permits 287 PAS to give Trummer five (5) days-notice of termination if Trummer defaults in the payment of rent.

A ledger provided by 287 PAS shows that Trummer has a history of partial payments, and "untimely and missed" rent payments, going back to October 2021. Brendan Liang, the president of 287 PAS, attested that 287 PAS had to draw down on a line of credit provided by Trummer to cover its non-payment of rent and issued several Notices of Default in 2022, 2023, and 2024.

Pursuant to Article 12, Section 12.01 of the Lease, Trummer leased the Space "as is" and acknowledged that 287 PAS had no obligation "perform any work or to make any installations to prepare" the Space. At the time Trummer took possession, the wall separating its space from Hawkmoor's space was in place.

There were water leaks into Trummer's Space in December 2021, February 2022, January 2024, April 2024, and July 2024. Trummer alleges that the alleged defective wall between its Space and Hawkmoor permitted water to intrude into its Space, resulting in mold. Trummer, contending that substantial mold remediation is required and that it has been constructively evicted it from the Space, withheld its rent following the July 2024 leak. According to Trummer, it had to close its business following the July 2024 leak.

Notably, however, in January of 2024, more than six months before it stopped paying rent due to 287 PAS's purported breach of the lease, Trummer brought a separate lawsuit against Hawksmoor in which it claims that Hawksmoor is liable for the defective wall, water leak and its alleged damages; 287 PAS is not named in that lawsuit.

On August 20, 2024, 287 PAS issued a default notice demanding that Trummer immediately cure its default in paying rent. At that time, rent arrears amounted to $34,324.39.

On August 22, 2024 (eight months after it sued Hawksmoor), Trummer commenced this action in which it alleges that 287 PAS is liable for the alleged defective wall, and alleged consequent water and mold damage. The complaint asserts causes of action for, *inter alia*, breach of quiet enjoyment, breach of contract, unspecified tort, and constructive eviction, and seeks "actual, compensatory, expectation, punitive" damages for 287 PAS's alleged negligence and gross negligence. On the same day, Trummer filed the instant order to show cause seeking, *inter alia*, a *Yellowstone* injunction. On August 26, 2024, the court (Nock, J.) granted Trummer provisional relief but did not direct it to escrow its rent arrears or pay use and occupancy.

During an October 10, 2024 court appearance on the motion, counsel for 287 PAS asked for an escrow of Trummer's rent arrears, which amounted to $100,000 at that time. In response to such request, Trummer's attorney stated on the record (NYSCEF Doc. No. 63) "I didn't say we were ready, willing and able. They've been closed for three months. They will have to make some money before they will be able to do that."

As of April 2025, Trummer's rent arrears amounted to $315,160.99. At the time of the April 29, 2025 oral argument, Trummer appeared to have been back in business. During oral argument, Trummer's attorney stated, in conclusory fashion, that Trummer was ready, willing, and able to pay its May rent; he did not state that it was ready, willing, and able to escrow the $315,160.99 rent arrears.

**Discussion**

A *Yellowstone* injunction lies where the commercial tenant demonstrates it: (1) holds a commercial lease; (2) received a notice of default; (3) requested injunctive relief prior to termination of the lease; and (4) has the ability and desire to cure the default, by any means short of vacating the premises (*Elite Wine & Spirit LLC v Michealangelo Preservation*, 213 AD3d 243 [1st Dept 2023]). Once demonstrated, the Court may exercise its discretion to issue a *Yellowstone* injunction tolling the tenant's time to cure its default and the landlord's ability to terminate the lease; a *Yellowstone* injunction does not alter the terms of the lease, including the requirement that rent be paid (*Graubard Mollen Horowitz Pomeranz & Shapiro v 600 Third Ave. Assocs.*, 93 NY2d 508, 515 [1999] ["The *Yellowstone* injunction at issue here did not supersede the lease provision calling for interest on rent arrears in the event of a default. The *Yellowstone* injunction protected the firm from eviction; it did not rewrite the lease."]). In this regard, where the default is tenant's failure to pay rent, courts generally direct an escrow of rent arrears and payment of use and occupancy as the condition for issuing a *Yellowstone* injunction (*Gap, Inc. v 44-45 Broadway Leasing Co., LLC*, 191 AD3d 549, 550 [1st Dept 2021] [trial court did not abuse discretion in directing deposit of rental arrears "with the clerk of the court while the parties resolve their dispute" but did abuse its discretion in failing to direct payment of use and occupancy because "plaintiff is continuing to use and occupy the premises as a retail business while the *Yellowstone* injunction is in place"]).

Trummer satisfied the first three elements for a *Yellowstone* injunction. It holds a commercial lease, received a Notice of Default on August 20, 2024, and requested injunctive relief on August 22, 2024, within the five-day cure period prior to termination of the lease.

However, Trummer failed to establish that it has the ability to cure its significant default, both at the time it sought the injunctive relief in the fall of 2024 and at the most recent April 29, 2025 motion conference. During the October 10, 2024 oral argument (NYSCEF Doc. No. 63), Trummer's attorney expressly stated that Trummer could not escrow the $100,000 in rent arrears owed at that time, and made no indication that Trummer could (or would) be able to pay use and occupancy. Indeed, counsel stated that the bar had been closed for several months, had no business, and – essentially – had no money and would have no money for months. The statement by Trummer's attorney during the recent April 29, 2025 oral argument that Trummer could start paying rent in May 2025 is not tantamount to a showing that it is ready, willing, and able to escrow its substantial rent arrears of $315,160 or even start paying rent as of May 2025. In the absence of proper showing of an ability to cure by immediately placing the rent arrears in escrow and payment of use and occupancy at the rent rate under the lease as of May 1, 2025, Trummer is not entitled to a *Yellowstone* injunction (*see generally 146 Broadway Assocs., LLC v Bridgeview at Broadway, LLC*, 164 AD3d 1193, 1195-95 [2d Dept 2018] ["A plaintiff demonstrates that it has the desire and ability to cure its alleged default by indicating in its motion papers that it is willing to repair any defective condition found by the court and by providing proof of the

substantial effort it has already made in addressing the default listed on the notice to cure"][internal citation omitted]).

Having failed to establish entitlement to a *Yellowstone* injunction, which requires "far less than the showing normally required or obtaining preliminary injunctive relief" (*225 E. 36th St. Garage Corp. v 221 E. 36th Owners Corp.,* 211 AD2d 420, 421 [1st Dept 1995]), Trummer cannot show entitlement to an injunction under CPLR § 6301. Thus, contrary to Trummer's argument asserted by counsel in court on April 29, 2025, this Court need not hold a hearing on its request for a preliminary injunction. Moreover, Trummer's complaint seeks monetary damages only, which *ipso facto* defeats its claim to injunctive relief (*DiFabio v Omnipoint Communications, Inc.*, 66 AD3d 635, 637 [2d Dept 2009] ["plaintiff failed to allege damages of a noneconomic nature and, thus, failed to demonstrate irreparable harm in the absence of a preliminary injunction"; "plaintiff's contention that the Supreme Court was required to hold a hearing on his motion is without merit"][internal citations omitted]).

The Court declined to consider Trummer's supplemental affirmation of its attorney (NYSCEF Doc. No. 37), submitted after the close of briefing. Even if considered, the statements in the affirmation that leaks allegedly continue, does not change the result on this motion. The Lease does not contain any provision excusing Trummer's duty to pay rent. Trummer, by its attorney's admission, has never vacated the premises and is now in business. In this regard, the statement by counsel during the April 29, 2025 motion appearance that its client is not required to pay rent in the absence of a *Yellowstone* injunction, lacks factual or legal merit.

Accordingly, it is hereby

**ORDERED** that the motion by Trummer Hospitality Holdings LLC, for a *Yellowstone* injunction and other relief, is denied in its entirety; and it is further

**ORDERED** that the August 26, 2024 Order granting Trummer Hospitality Holdings LLC temporary injunctive relief, is vacated in its entirety; and it is further

**ORDERED** that the motion by 287 PAS LLC to vacate the August 26, 2024 Order, and for other relief, is denied as academic.

| | |
|---|---|
| **5/2/2025** | |
| **DATE** | **KATHLEEN WATERMAN-MARSHALL, J.S.C.** |

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|---|
| | | GRANTED | X DENIED | | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

[* 4]