Nazor v Sydney Sol Group, Ltd. (2025 NY Slip Op 03295)

Nazor v Sydney Sol Group, Ltd.

2025 NY Slip Op 03295

Decided on June 03, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 03, 2025

Before: Manzanet-Daniels, J.P., González, Mendez, Pitt-Burke, Rosado, JJ. 

Index No. 156920/19|Appeal No. 4489|Case No. 2024-00237|

[*1]Maria Nazor et al., Plaintiffs-Appellants,
v
Sydney Sol Group, Ltd., Formerly Known as Mushlan Inc., et al., Defendants-Respondents.

Warshaw Burstein, LLP, New York (Bruce H. Wiener of counsel), for appellants.
Windels Marx Lane & Mittendorf, LLP, New York (Jason M. Frosch of counsel), for respondents.

Order, Supreme Court, New York County (Melissa A. Crane, J.), entered November 1, 2023, which, to the extent appealed from, granted the motion of defendants Sydney Sol Group, Ltd., and Shimon Milul for summary judgment dismissing the third through twelfth causes of action in plaintiffs' complaint, unanimously modified, on the law, to reinstate that part of the seventh cause of action seeking an accounting of the security deposit and the twelfth cause of action for attorneys' fees under Real Property Law § 234, deem the dismissal of the claims for rent overcharges (third cause of action), unjust enrichment (fourth cause of action), and breach of the warranty of habitability (sixth cause of action) to be without prejudice to their assertion in the parties' related 2008 action, and otherwise affirmed, without costs.
Plaintiffs-tenants are correct that their payment of court-ordered use and occupancy pendente lite is not "voluntarily paid" rent for the purposes of Multiple Dwelling Law § 302(b) (see Trafalgar Co. v Malone, 73 Misc 3d 137[A], 2021 NY Slip Op 51116[U] [App Term 1st Dept 2021]). Defendant-landlord's collection of amounts for residential occupancy should not permit it to disclaim all obligations to render the premises minimally safe or refuse to provide the tenants with customary services provided to other tenants in the building (see e.g. Minjak Co. v Randolph, 140 AD2d 245, 250 [1st Dept 1988]; see also Rules of City of New York Loft Board [29 RCNY § 2-04(d)]). Therefore, the dismissal of the third and fourth causes of action for the return of those amounts, and the sixth cause of action for breach of the warranty of habitability should be without prejudice to the tenants' assertion of these claims in the related 2008 ejectment action, where the context of the use and occupancy orders can be properly construed and any abatements considered, as we previously determined should be the case (see Mushlam, Inc. v Nazor, 104 AD3d 483, 483 [1st Dept 2013]).
Supreme Court properly dismissed the fifth cause of action for tenant harassment under Real Property Law § 235-d. The court properly determined that the tenant's deposition testimony contradicted the assertion that the alleged conduct remained ongoing beyond July 2018, therefore precluding the application of the continuing wrong doctrine (see Bruce v College Props., Inc., 10 AD3d 538, 538 [1st Dept 2004]).
As to the seventh cause of action for an accounting of the tenants' use and occupancy payments and the security deposit, although pendente lite use and occupancy payments are not trust funds, that portion of the seventh cause of action seeking an accounting of the landlord's treatment of the security deposit under General Obligations Law § 7-103(1) should be reinstated. By failing to submit an affidavit by a person with knowledge of the facts, the landlord failed to meet its burden to establish that the trust funds were not commingled, and therefore the claim for an accounting of the security [*2]deposit should not have been dismissed (see 225 E. 64th St., LLC v Janet H. Prystowsky, M.D. P.C., 96 AD3d 536, 537-538 [1st Dept 2012]). Because the landlord's obligations with respect to the security deposit arise under the lease and there is no evidence that the security deposit has been returned, the tenants' twelfth cause of action for attorneys' fees under Real Property Law § 234 should be reinstated, in the event the tenants are the prevailing party.
The court properly dismissed the ninth cause of action for retaliatory eviction under Real Property Law § 223-b as untimely based on the related 2008 ejectment action. The relation back doctrine does not save otherwise untimely claims asserted in an independent action (see Davis v Sanseverino, 145 AD3d 519, 520 [1st Dept 2016]). Moreover, the tenants have asserted an affirmative defense for retaliatory eviction in the 2008 action. Finally, the court properly dismissed the tenth cause of action for constructive eviction as it may only be raised defensively, and the plaintiff has not abandoned any portion of the premises (see Fuisz v 6 E. 72nd St. Corp., 222 AD3d 402, 405 [1st Dept 2023]; Minjak Co. v Randolph, 140 AD2d 245, 248 [1st Dept 1988]).
We have considered the remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 3, 2025